

## *State of New Jersey*

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

July 8, 2021

By electronic filing
Honorable Claire C. Cecchi

Re: **Morales v. State of New Jersey**
    **221-cv-11548**

Dear Judge Cecci:

Please accept this letter brief, in lieu of a more formal brief, in support of the answering defendants motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).

**PRELIMINARY STATEMENT AND STATEMENT OF FACTS**

On or about March 17, 2021, the grand jury of the State of New Jersey indicted the Plaintiff, Ruben Morales, on four criminal charges: Official Misconduct, Second Degree(Count One); Tampering with Public records or information-Third Degree); Falsifying or Tampering with Records-Fourth Degree; Hindering Apprehension or Prosecution-Third Degree). (See a copy of said indictment, submitted herewith as Exhibit A ) The factual basis of the indictment was that Plaintiff had falsified his "Application for Clearance and Issuance of ID Card" by concealing his affiliation with and/or membership in the Thug Riders and Thunderguards motorcycle clubs, both of which are

considered subversive organizations.  The indictment was signed by Thomas Eicher, the Director of the Office of Public Integrity and Accountability Division of Criminal Justice.

Apparently in retaliation for and in response to this indictment, on April 22, 2021, Plaintiff filed the instant law suit in the Essex County Superior Court under docket # ESX-L-3226-21.   (See a copy of that Complaint, submitted herewith as Exhibit B)

The answering entity Defendants, i.e., the State of New Jersey, the New Jersey Department of  Corrections, and the New Jersey Department of Corrections Special Investigation Division(hereinafter collectively the State), and individual Defendants  Hicks, Kuhn, and Grade, were served on April 30, 2021.  Individual Defendant Mathew Schlusselfeld was served on May 3, 2021. The Answering State Defendants filed a notice of removal on May 20, 2021.

On June 4, 2021,  Judge Andre M. Espinosa granted an extension in the Answering Defendants' time to answer until July 9, 2021.

The Answering Defendants now move to dismiss the complaint pursuant to the Federal Rules of Civil Procedure (FRCP) 12(b)(6).

**THE COMPLAINT**

The first three counts of the complaint were all brought

under the New Jersey Law Against Discrimination(LAD).  The first two were brought against all of the Defendants, and alleged, respectively, a failure to accommodate(Count 1),  and retaliation(Count 2).  Count 3 alleged aiding and abetting liability against individual Defendants Hicks, Kuhn, Nogan, Robinson, Schlusselfeld and Grade.

Count 4 was brought under the New Jersey Civil Rights Act (NJCRA) against  individual Defendants Hicks, Kuhn, Nogan, Robinson, Schlusselfeld and Grade, and alleged that the individual Defendants violated the Plaintiff's rights, privileges and immunities under the law and constitution of the United States, and the law and constitution of the State of New Jersey.  Count five was brought pursuant to 42 U.S.C. 1983, against all Defendants, and alleged that the Defendants violated the Plaintiff's rights, privileges, and immunities as guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

Plaintiff brought Count 6 against all of the Defendants, under the Conscientious Employee Protection Act(CEPA), claiming that the Defendants brought criminal and administrative proceedings against him in retaliation for his complaints about the conditions in the jail.

Counts 7-8, 10-13, and 16-18 are tort claims brought against all of the Defendants under the Tort Claims Act.

Count 7 is labeled "Giving Dangerous Person Opportunity to Injure."  Count 8 is labeled "Enhancing Risk of Criminal Attack."  Count 10 is labeled "Intentional Infliction of Emotional Distress."  Count 11 is labeled "False Complaint of Unprofessional Conduct."  Count 12 is labeled "Intentional Interference with Prospective Economic Advantage."  Count 13 is labeled Tortious Interference with Prospective Economic Advantage."  Count 16 is labeled "Fundamentally Unfair Government Action."  Count 17 is labeled "Public Employee Wrongfully Enforcing Law.  Count 18 is labeled "Wrongful Discharge in Violation of Public Policy-Pierce Claim"

Count 9 was brought against all of the Defendants, claiming that they retaliated against him for making a Workers' Compensation Claim. Counts 14 and 15 were brought against Zambrano only.

**ALLEGATIONS IN COMPLAINT**

The complaint sets forth the titles of the various individual Defendants.  However, it is totally devoid of specific allegations concerning their conduct.  Although Count I of the complaint alleges that the Defendants refused to accommodate his disability, it contains no allegations specifying what his disability is, how it could be accommodated, whether the Defendants were ever informed of the potential accommodation, or whether the Plaintiff asked for an

accommodation.

Although the Plaintiff claims that the Defendants brought malicious administrative and criminal investigations against him, he fails to give any information about the nature of those investigations, or which if any of the Individual Defendants participated in them.

The balance of the complaint follows the same pattern.  The Plaintiff consistently makes broad conclusory allegations without alleging any specific facts that would support them.

A review of the records of the Department of Risk Management for the State of New Jersey shows that the Plaintiff has never filed a notice of claim concerning the events alleged in the complaint.  (See the certification of Peter Ramos, submitted herewith as Exhibit C)

The answering Defendants now move to dismiss the complaint on the grounds that it fails to state a claim.

## STANDARD OF REVIEW

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6),  the rule that a court "… must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Instead, legal conclusions "must be supported by factual allegations" in order to be "entitled to the assumption of truth." Id. at 1950.

Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Id.</u>; see also <u>Bell Atl. Corp. v. Twombly</u>, 550 <u>U.S.</u> 544, 570 (2007). Deciding whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> A claim is plausible on its face when the plaintiff "pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged(emphasis supplied)." <u>Iqbal</u>, 129 <u>S. Ct.</u> at 1949 (citing <u>Twombly</u>, 550 <u>U.S.</u> at 556). This standard "…asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 129 <u>S. Ct.</u> at 1949.

In other words, a complaint that pleads facts that are "merely consistent with a defendant's liability," raising only the possibility of liability, without crossing the threshold of the plausibility of the plaintiff's claim, is insufficient. <u>Id.</u> When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." <u>Id.</u> (citing <u>Fed. R. Civ. P.</u> 8(a)(2)) (quotations omitted). Applying these standards to the plaintiff's complaints against the Defendants, it is clear that his complaint must be dismissed.

I.    **PLAINTIFF'S COMPLAINTS UNDER 42 U.S.C. §1983(COUNT 5) AND THE NEW JERSEY CIVIL RIGHTS ACT(NJCRA)4(COUNT 4) MUST BE DISMISSED BECAUSE NEITHER 42 U.S.C. 1983 NOR THE NJCRA PROVIDES A CAUSE OF ACTION AGAINST THE STATE OR AGAINST INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITY, AND BECAUSE THE COMPLAINT IS DEVOID OF ALLEGATIONS THAT ESTABLISH THE INDIVIDUAL DEFENDANTS' ACTUAL PARTICIPATION IN VIOLATIONS OF PLAINTIFF'S RIGHTS**

Plaintiff brings claims against the Corrections Defendants under both 42 U.S.C. § 1983 (Count Five) ,and the New Jersey Civil Rights Act (N.J.S.A. 10:6 et. seq., hereinafter NJCRA)(Count Four), which respectively create causes of action for violations of the Federal Constitution (1983) and the New Jersey State Constitution (NJCRA).

In Count Four of the Complaint, plaintiff brings a claim under NJCRA against the individual Corrections Defendants (Marcus Hicks, Victoria Kuhn, Mathew Schlusselfeld, and Duane Grade), in both their individual and official capacities, claiming that these individual Corrections Defendants violated his rights under the Constitution and laws of both the United States and the State of New Jersey. Count Five is brought against all of the Defendants, pursuant to 42 U.S.C. 1983, and claims that the Defendants violated the Plaintiff's rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

Because of the similarity of their purpose and language, New Jersey Courts have "repeatedly interpreted NJCRA analogously

to § 1983," and followed 1983 precedent when applying NJCRA. Trafton v. City of Woodbury, 799 F. Supp.2d 417 (D.C.N.J. 2011). For example, in Ramos v. Flowers, 429 N.J. Super. 13, 24 (App. Div. 2012), the Appellate Division, noting the close relationship between 1983 and the NJCRA, held that the doctrine of qualified immunity as developed in the Federal 1983 cases also applied to cases brought under NJCRA. Similarly, based on its comparison of NJCRA and 1983, the New Jersey Appellate Division in Rezem v. Millstone, 423 N.J. Super. 103, 115 (App. Div. 2011) stated that "we see no reason to apply different elements to a cause of action brought under the State statute from those the New Jersey Supreme Court in Rivkin[1] found were applicable under federal civil rights legislation." Accordingly, the Defendants will discuss the claims under 1983 and NJCRA together, and will treat cases referring to each statute interchangeably.

**A. COUNT FIVE OF THE COMPLAINT MUST BE DISMISSED AS AGAINST THE STATE OF NEW JERSEY, THE NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, AND THE NEW JERSEY DEPARTMENT OF CORRECTIONS DIVISION OF SPECIAL INVESTIGATION, BECAUSE 1983 DOES NOT CREATE A CAUSE OF ACTION AGAINST THE STATE, AND ALL OF THESE DEFENDANTS ARE SUBDIVISIONS OF THE STATE OF NEW JERSEY**

In Will v. Michigan Dept. of State Police, 491 U.S. 58, (1989), the United States Supreme Court held that 42 U.S.C. 1983

[1] Rivkin v. Dover Township Rent Leveling Bd., 143 N.J. 352 (1996).

did not create a cause of action against a State, because a State is not a "person" within the meaning of that statute. The Court held that in employing the word "person" as the defendant against whom the action must be brought, Congress did not intend that § 1983 provide an action against States. Will, supra, 491 U.S. at 68-69.

Under Will, 1983 likewise does not create a cause of action against an individual in his official capacity. A suit against an individual in his official capacity is not a suit against the official personally, but rather a suit against the official's office. Id. at 89. "As such, it is no different from a suit against the State itself." Id. Essentially, an official capacity suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985).

In light of Will, Count Five of the Complaint, which sets forth a 1983 action against the State of New Jersey, as well as its subdivisions the Department of Corrections, Northern State Prison, and the New Jersey Department of Corrections Special Investigation Division (hereinafter the State Entities, or the State) must be dismissed. Similarly, the 1983 claims against individual defendants Marcus Hicks, Victoria Kuhn, Mathew Schlusselfeld, and Duane Grade, in their official capacities, must also be dismissed.

The <u>Will</u> holding that 1983 does not create causes of action against either the state or against state officials in their official capacity applies with equal force to the NJCRA. A comparison of the actual wording of the two statutes reveals that the statutory language in each with regard to the requirement that the person sued be a person is substantively the same.

In relevant part, <u>N.J.S.A.</u> 10:6-2(c)[1] states:

> Any *person* who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief. (Emphasis supplied)

Similarly, 42 <u>U.S.C.</u> § 1983, states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or

---

[1] The only provision of the Act providing a cause of action to a private person is <u>N.J.S.A.</u> 10:6-2(c). The New Jersey Attorney General is provided a cause of action in the name of the State in <u>N.J.S.A.</u> 10:6-2(a) and in <u>N.J.S.A.</u> 10:6-2(b), but these provisions do not provide causes of actions for persons other than the Attorney General.

other proper proceeding for redress....

Furthermore, if anything, the rationale for excluding the state from the application NJCRA is even stronger than it is under 1983. Under N.J.S.A. 1:1-2, the statute that sets forth the construction of terms used in legislative enactments, the term "person" does not include the State, except when it used to designate the owner of property that may have been involved in an offense:

> Person. The word "person" includes corporations, companies, associations, societies, firms, partnerships and joint stock companies as well as individuals, unless restricted by the context to an individual as distinguished from a corporate entity or specifically restricted to 1 or some of the above enumerated synonyms and, when used to designate the owner of property which may be the subject of an offense, includes this State, the United States, any other State of the United States as defined infra and any foreign country or government lawfully owning or possessing property within this State.

> [Emphasis added].

Reflecting these considerations, in Brown v. State, 442 N.J. Super 406,426(App. Div. 2015), rev'd on other grounds 230 N.J. 84(2017), the Appellate Division specifically held that the New Jersey Civil Rights Act, like 42 U.S.C. 1983, did not create a cause of action against the State:

> Given that the Legislature did not choose to include an express waiver of sovereign immunity in the Civil Rights Act and that the State enjoys immunity under the analogous § 1983, we conclude that the State is immune from a suit for damages under the Civil Rights Act. The federal courts

are in accord. *See, e.g., Didiano v. Balicki, 488 F. App'x 634, 638 (3d Cir.2012)* (rejecting plaintiff's argument that the word "person" should be interpreted differently under the Civil Rights Act than in *§ 1983*).

New Jersey Courts have consistently followed the Brown Court's lead and found that the State is immune from suits for damages under the NJCRA. <u>See, eg.,</u> <u>Bovery v. Monmouth County Prosecutor's Office</u>, 2020 N.J. Super. LEXIS 1721 *12 ("We are satisfied the trial court correctly determined that neither the State nor the prosecutor's office are "persons" subject to suit under the Civil Rights Act. See <u>Brown v. State</u>, 442 N.J. Super. 406, 425-26, 124 A.3d 243 (App. Div. 2015), *rev'd on other grounds*, *230 N.J. 84, 165 A.3d 735 (2017))* (See a copy of this decision submitted herewith with other unpublished decision as part of Exhibit C); <u>Martinez v. S. Woods State Prison</u>, 2019 N.J. Super. Unpub. LEXIS 235(A.D. 2019) *4-*5 ("The New Jersey legislature chose not to include an express waiver of sovereign immunity in the NJCRA. Similarly, New Jersey enjoys immunity **[*5]** under § 1983. Accordingly, defendants are immune from suit under the NJCRA.") (Exhibit C) <u>Sanders v. Division of Children and Family Services,</u> 2017 N.J. Super. Unpub. LEXIS 1897 *24 ("The State is not a "person" within the meaning of the NJCRA and is immune from suit under the NJCRA. Brown v. State, 442 N.J. Super. 406, 426, 124 A.3d 243 (App. Div. 2015).")*24; and <u>see</u> <u>Didiano v. Balicki</u>, 488 F.App'x 631,638(3rd Cir.

2012)(Holding that the State of New Jersey is immune from suits under NJCRA because State is not a person under that statute.) (Exhibit D)

In light of the foregoing, as a matter of law, the plaintiff has no cause of action under either NJCRA or 42 U.S.C. 1983 against the State of New Jersey, or against Hicks, Kuhn, Schlusselfeld, or Grade in their official capacities. Accordingly, Count Five must be dismissed in its entirety against the State Entities, and both Count Four and Count Five must be dismissed as against Hicks, Kuhn, Schlusselfeld, and Grade in their official capacities.

**B. PLAINTIFF'S 1983 AND NJCRA CLAIMS AGAINST THE INDIVIDUAL CORRECTIONS DEFENDANTS MUST BE DISMISSED BECAUSE THE COMPLAINT ALLEGES NO FACTS ESTABLISHING THEIR PERSONAL INVOLVEMENT AND IS BASED UPON THE IMPERMISSIBLE THEORY OF RESPONDEAT SUPERIOR.**

Plaintiff's claims against the individual corrections defendants should also be dismissed because the complaint does not allege facts establishing that any of them were personally involved in the alleged wrongdoing. Rather, Plaintiff's claims appear to be based solely on the impermissible theory of respondeat superior. Jimenez v. New Jersey, 245 F. Supp. 2d 584, 586 n.3 (D.N.J. 2003) (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)). (Exhibit A)

"A defendant in a civil rights action must have personal involvement in the alleged wrongs." Rode v.

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Personal involvement is sufficiently shown only with particular allegations of participation, or actual knowledge and acquiescence.  Id.  Although knowledge may be inferred from the circumstances, it nevertheless must be actual knowledge.  See Baker v. Monroe Twp., 50 F.3d 1186, 1194 (3d Cir. 1995); id. at 1201 n. 6 (Alito, J., concurring and dissenting).  A plaintiff "must portray specific conduct by state officials which violates some constitutional right." Gittlemacker v. Prasse, 428 F.2d 1, 3 (3d Cir. 1970); see also Rasmussen v. Larson, 863 F.2d 603, 605 (8th Cir. 1988) (holding that 42 U.S.C. § 1983 liability does not lie against supervisory officers absent a showing of personal and direct involvement in the alleged constitutional violation).

Personal involvement is a necessary element of a 42 U.S.C. § 1983 claim(and NJCRA), and a superior official is not liable for the acts of his subordinates merely on the basis of the superior-subordinate relationship.  Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690-91 (1978); Delbridge v. Schaeffer, 238 N.J. Super. 323, 357 (Law Div. 1989).

Plaintiff makes no specific allegations about specific acts by any of the specific defendants.  Instead, he melds them together in the term "Defendants".  Furthermore, instead of

alleging specific, identifiable actions, by specific, identifiable people, he alleges legal conclusions that are insufficient to support his complaint. For this reason, the Plaintiff's complaint is insufficient on it's the face to establish the specific involvement necessary for individual liability under either 1983 or the NJCRA. Counts four and five of the complaint must be dismissed.

**II. PLAINTIFF'S STATE TORT CLAIMS AGAINST THE CORRECTIONS DEFENDANTS, AS SET FORTH IN COUNTS SEVEN, EIGHT, TEN THROUGH THIRTEEN, AND SIXTEEN THROUGH EIGHTEEN, OF THE COMPLAINT, ARE BARRED BY THE NEW JERSEY TORT CLAIMS ACT**

Plaintiff's state tort claims, as set forth in counts Seven, Eight, Ten through Thirteen, and Sixteen through Eighteen, of the complaint, are barred by the New Jersey Tort Claims Act. Plaintiff did not file a notice of claim as required by N.J.S.A. 59:8-8 with regard to any of those claims. The complaint seeks damages against the defendants that are expressly barred by the Tort Claims Act. N.J.S.A. 59-2(d); N.J.S.A. 59-2(c). Counts Ten through Thirteen, and Sixteen through Eighteen of the complaint are intentional torts that are prohibited as against public entities such as the State of New Jersey and the Department of Corrections by N.J.S.A. 59:2-10. Counts seven, eight, ten through thirteen, and Sixteen through Eighteen (hereinafter collectively the State Tort Counts) must be dismissed as against all defendants.

**A.   Plaintiff's State Tort Claims are Barred Because the Plaintiff Failed to File a Notice of Claim**

Under state law, in order to maintain a tort claim against a public entity such as the State of New Jersey, or a public employee, a plaintiff must file a notice of claim within 90 days of the accrual of his cause of action. (N.J.S.A. 59:8-8)  Count Seven(Giving Dangerous Persons the Opportunity to Injure)(negligence);  Count Eight(Enhancing the Risk of Criminal Attack)(Negligence);  Count Ten(Intentional Infliction of Emotional Distress);  Count Eleven(False Complaint of Unprofessional Conduct); Count Twelve(Intentional Interference with Prospective Economic Advantage) Count Thirteen(Tortious Interference with Prospective Economic Advantage); Count Sixteen(Fundamentally Unfair Governmental Action); Count Seventeen(Public Employee Wrongfully Enforcing the Law); and Count Eighteen(Wrongful Discharge in Violation of Public Policy-Pierce Claim), all allege torts against the State and its employees(the Corrections Defendants). Accordingly, Plaintiff was required to file a notice of claim before he initiated this lawsuit against the State Defendants.  This he failed to do.

N.J.S.A. 59:8-8 mandates that a plaintiff file a notice of a claim against a public entity or public employee with regard to personal injury within 90 days of the accrual his cause of action, and that the Plaintiff wait six months from the date that the notice is filed before filing suit in court:

> *Time for presentation of claims. A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the 90th day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law.* The claimant shall be forever barred from recovering against a public entity or public employee if:

> **a.** The claimant failed to file the claim with the public entity within 90 days of accrual of the claim except as otherwise provided in *N.J.S.59:8-9*; (Emphasis supplied)

Plaintiff's state tort claims all derive from his employment as a Senior Correctional Police Officer with the New Jersey Department of Corrections. As such, before he could file a tort lawsuit against either the State of New Jersey, the Department of Corrections, or the individual corrections defendants, he was required to file a notice of claim against the State of New Jersey and those public employees. A search of the State of New Jersey Risk Management Records reveals that the Plaintiff has never filed a notice of claim with regard to any of these tort claims. (See a copy of the certification of Peter Ramos, attached hereto as Exhibit c) Counts Seven, Eight, Ten through Thirteen, and Sixteen through Eighteen should be dismissed as against all of the Correctional Defendants.

> **B.    COUNTS TEN THROUGH THIRTEEN, AND SIXTEEN THROUGH EIGHTEEN OF THE COMPLAINT MUST BE DISMISSED AS AGAINST THE STATE OF NEW JERSEY, THE NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, AND THE NEW JERSEY DEPARTMENT OF CORRECTIONS SPECIAL INVESTIGATION DIVISION, BECAUSE <u>N.J.S.A.</u> 59:2-10 MAKES PUBLIC**

**ENTITIES IMMUNE FROM LIABILITY FOR THE INTENTIONAL WRONGDOING OF THEIR EMPLOYEES**

N.J.S.A. 59:2-10 expressly insulates public entities from liability for the intentional wrongdoing of their employees:

> A public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or wilful misconduct. [Emphasis supplied]

Counts ten through thirteen, and sixteen through eighteen of the complaint, are all brought against all of the Defendants, including the public entities, i.e., the State of New Jersey, the New Jersey Department of Corrections, Northern State Prison, the New Jersey Department of Corrections Special Investigation Division (hereinafter the Corrections Entities). Furthermore, all of these counts seek to impose liability on the foregoing entities for the alleged intentional and willful wrongdoing of their employees. Counts Ten through Thirteen, and Sixteen through Eighteen, must be dismissed as against the Corrections entities because N.J.S.A. 59:2-10 makes them immune from such claims.

**C. THE CLAIMS FOR PUNITIVE DAMAGES AGAINST THE STATE OF NEW JERSEY, THE NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, AND THE NEW JERSEY DEPARTMENT OF CORRECTIONS SPECIAL INVESTIGATION DIVISION, MUST BE DISMISSED BECAUSE N.J.S.A. 59-2(c) PROHIBITS THE IMPOSITION OF PUNITIVE DAMAGES AGAINST PUBLIC ENTITIES.**

N.J.S.A. 59-2(c) prohibits the recovery of punitive damages

against public entities:

>　　a.　No punitive or exemplary damages shall be awarded against a public entity.

All of the Plaintiff's State Law Tort claims(Counts 7, 8, 10-13, and 16-18) seek punitive damages against the Corrections Entities. The claims for punitive damages set forth in those counts must be dismissed pursuant to N.J.S.A. 59-2(c).

**D. PLAINTIFF'S CLAIMS FOR EMOTIONAL PAIN AND SUFFERING IN COUNTS 10-13, AND 16-18, OF THE COMPLAINT MUST BE DISMISSED**

To the extent that Plaintiff makes a claim for pain and suffering in Counts 10-13, and 16-18, the claim must be dismissed pursuant to N.J.S.A. 59-2(d), against all of the State Defendants.

N.J.S.A. 59-2(d) prohibits pain and suffering damages against both public entities and public employees unless there is a severe accompanying physical injury:

>　　(D.) No damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600.00.

The only State tort claims that allege an act that would cause physical injury of any type are counts 7 and 8. The other

tort claims, counts 10-13, and 16-18, do not allege actions that would cause such injury. Thus, Plaintiff's claims for pain and suffering damages (compensatory damages) as set forth in counts 10-13, and 16-18, must be dismissed against all of the Corrections Defendants.

### III. PLAINTIFF'S CLAIM UNDER THE CONCSCIENTIOUS EMPLOYEE PROTECTION ACT(CEPA) AS ALLEGED IN COUNT 6 OF THE COMPLAINT, MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT IT

The facts alleged in Plaintiff's complaint are insufficient to support the CEPA cause of action set forth in Count 6 of that complaint. Plaintiff does not allege that he had a reasonable belief that the Defendants were violating a law, rule, regulation or important mandate of public policy. Plaintiff's allegations are too vague to establish that he engaged in a whistleblowing act, that he suffered an adverse job action, or that there was a causal connection between the adverse job action and the whistleblowing. Finally, the indictment against the Plaintiff establishes, as a matter of law, that the State Defendants had legitimate business reasons for taking action against the Plaintiff.

N.J.S.A. 34:19-3 defines the class of employee actions that are protected by CEPA as follows:

> An employer shall not take any retaliatory action against an employee because the employee does any of the following:
> **a.** Discloses, or threatens to disclose to a supervisor

or to a public body an activity, policy or practice of the employer, or another employer, with whom there is a business relationship, that the employee reasonably believes:

**(1)** is in violation of a law, or a rule or regulation promulgated pursuant to law, including any violation involving deception of, or misrepresentation to, any shareholder, investor, client, patient, customer, employee, former employee, retiree or pensioner of the employer or any governmental entity, or, in the case of an employee who is a licensed or certified health care professional, reasonably believes constitutes improper quality of patient care; or

**(2)** is fraudulent or criminal, including any activity, policy or practice of deception or misrepresentation which the employee reasonably believes may defraud any shareholder, investor, client, patient, customer, employee, former employee, retiree or pensioner of the employer or any governmental entity;

**b.** Provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any violation of law, or a rule or regulation promulgated pursuant to law by the employer, or another employer, with whom there is a business relationship, including any violation involving deception of, or misrepresentation to, any shareholder, investor, client, patient, customer, employee, former employee, retiree or pensioner of the employer or any governmental entity, or, in the case of an employee who is a licensed or certified health care professional, provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into the quality of patient care; or

**c.** Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes:

**(1)** is in violation of a law, or a rule or regulation promulgated pursuant to law, including any violation involving deception of, or misrepresentation to, any shareholder, investor, client, patient, customer, employee, former employee, retiree or pensioner of the employer or any governmental entity, or, if the employee is a licensed or certified health care professional, constitutes improper quality of patient

care;

**(2)** is fraudulent or criminal, including any activity, policy or practice of deception or misrepresentation which the employee reasonably believes may defraud any shareholder, investor, client, patient, customer, employee, former employee, retiree or pensioner of the employer or any governmental entity; or

**(3)** is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment.

In order to maintain a cause of action under CEPA, a plaintiff must demonstrate that:

(1) he or she reasonably believed that his or her employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy;

(2) he or she performed a 'whistle-blowing' activity described in N.J.S.A. 34:19-3;

(3) an adverse employment action was taken against him or her; and

(4) a causal connection exists between the whistle-blowing activity and the adverse employment action.

See Dzwonar v. McDevitt, 177 N.J. 451, 462, 479 (2003); Kolb v. Burns, 320 N.J. Super. 467, 476 (App. Div. 1999); Ehling v. Monmouth-Ocean Hosp. Service Corp., 961 F. Supp. 2d 659, 672-73 (D.N.J. 2013). If a plaintiff establishes a prima facie case under CEPA, the burden of production shifts to the employer to present a non-retaliatory reason for any adverse action. Dzwonar, 177 N.J. at 479.

Even with the benefit of every inference, the allegations in the complaint are insufficient to support a CEPA cause of action.

**A. Plaintiff's Complaint Fails to Allege That he Reasonably Believed That the Defendants Were Violating a law, Rule, or Regulation Promulgated Pursuant to Law, or an Important Mandate of Public Policy**

Plaintiff's complaint does not allege that he reasonably believed his employer's conduct violated a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy. See Dzwonar v. McDevitt, 177 N.J. 451, 462, 479 (2003); Kolb v. Burns, 320 N.J. Super. 467, 476 (App. Div. 1999).   Instead, his allegations make out a garden variety negligence claim.   Thus, Plaintiff alleges, in substance, that the Defendants had notice that the locks on the cells in the Administrative Segregation Unit didn't work properly; that the Defendants didn't have them fixed; and that the defective locks caused Plaintiff's injury. (Exhibit B ¶¶ 18-26).   But the Plaintiff does not allege either that these conditions violated a law, rule, regulation, or important mandate of public policy, or that he believed that they did.   Without such an allegation, his allegations fail to support the first element of his CEPA cause of action.

**B. Plaintiff's Allegations are Insufficient to Establish That he Performed a Whistleblowing Act**

The facts alleged in the complaint are insufficient to

support that the Plaintiff performed a whistleblowing action. The only two paragraphs of the complaint that even suggest that he conveyed information about the defective locks to another are paragraphs 20 and 73, which read:

> 20. The Department of Corrections had direct and actual knowledge from Plaintiff and others that the locks on the cell doors in Ad Seg were defective, faulty and inoperative prior to April 22, 2019, and took no steps to repair the locks on the cell doors within NSP Ad Seg Unit despite that dangerous condition being well known and well documented.

> 73.    Plaintiff repeatedly complained about unsafe conditions in the jail specifically, the conditions which led to and caused his injuries. As a result of this protected whistleblowing, the Plaintiff was retaliated against by malicious criminal and administrative process. Plaintiff was engaged in a protective activity under the New Jersey Conscientious Employment Protection Act ("CEPA") N.J.S.A.§34:19-1 et seq., the First, Fourth and Fourteenth Amendments to the United States Constitution  and 42 U.S.C. §1983 and the laws and Constitution of the State of New Jersey.

These allegations are insufficient to support an inference that the Plaintiff performed a whistleblowing act, for several reasons.

First Plaintiff fails to allege who he made his complaints to.  Under the statute, a complaint must be made to a supervisor or a public body to be protected.  Plaintiff doesn't claim this.

Second, Plaintiff doesn't tell us the content of his alleged complaints.  In order to be protected, his complaints would have to inform his employer that their activities were in some way improper or illegal.

**C. Plaintiff's 2019 Complaint is Insufficient Because it Fails to Allege Facts That Would Support an Inference That Plaintiff's Alleged Whistleblowing in 2019 Caused the Criminal Proceeding That led to his Indictment in March of 2019**

Plaintiff has made no allegations from which one could infer that his complaints about the locks in 2019 caused the criminal proceeding that resulted in his indictment in March of 2021.  It is well settled that the mere fact that one event happened after another is insufficient to establish such causation unless the temporal proximity is unusually suggestive.  Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(Temporal proximity of three months not suggestive enough to support causation.)  In this case, where two years separate the alleged whistleblowing action and the alleged adverse job action, i.e., the indictment, no such causation can be inferred. This is particularly true here, since the indictment was brought by Thomas Eicher, the Director of the Criminal Justice Division's Office of Public Integrity, and not anyone associated with the State Defendants.

**D. Plaintiff's Indictment Establishes, as a Matter of Law, That the Defendants had Legitimate Business Reasons for Any Actions They Took Against the Plaintiff**

It is well settled that "the burden shifting analysis under the LAD should be applied to CEPA cases."  Zappasodi v. New Jersey, 335 N.J.Super. 83 (App. Div. 2000).  Under this analysis,

(o)nce the employee has established a <u>prima facie</u> case, a presumption arises that the employer unlawfully discriminated (retaliated) against the plaintiff. The burden of production then shifts to the employer to rebut the <u>prima facie</u> case by "articulat[ing] some legitimate, nondiscriminatory reason for the employee's rejection. <u>McDonnell Douglas v. Green</u>, 411 <u>U.S.</u> 792, 802, 93 <u>S.Ct.</u> 1817, 1824, 36 <u>L.Ed.</u>2d 668, 678 (1973) (citation omitted); <u>Andersen v. Exxon Co.</u>, 89 <u>N.J.</u> 483, 493 (1982). The employee is then accorded an opportunity to "prove by a preponderance of the evidence that the legitimate nondiscriminatory reason articulated by the [employer] was not the true reason for the employment decision but was merely a pretext for discrimination.

"..(A) grand jury indictment is *prima facie* evidence of probable cause to prosecute." <u>Helmy v, City of Jersey City</u>, 178 N.J. 183, 191 (2003). It goes without saying that probable cause to believe that a law enforcement officer such as Plaintiff has committed a crime is a legitimate reason to take adverse actions against him, up to and including termination. In light of the March, 2021 indictment against Plaintiff, the Defendants had legitimate business reasons, as a matter of law, to take adverse action against Plaintiff.

Count 6 of the complaint should be dismissed.

**IV.   COUNT NINE OF THE COMPLAINT, ALLEGING DISCHARGE DUE TO FILING A WORKERS' COMPENSATION CLAIM, MUST BE DISMISSED FOR THE REASONS PREVIOUSLY SET FORTH IN III**

**CONCLUSION**

For the foregoing reasons, the complaint must be dismissed in its entirety, with prejudice.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:  *Robert P. Preuss*
ROBERT P. PREUSS

Deputy Attorney General