

# Judgment of Dismissal

## Superior Court of New Jersey, ESSEX County

**State of New Jersey   v.**

| Last Name | First Name | Middle Name |
|---|---|---|
| MORALES | RUBEN | D |

Also Known As

| Date of Birth | SBI Number | Date(s) of Offense | | |
|---|---|---|---|---|
| 09/17/1978 | 898609C | 09/09/2019 | | |

| Date of Arrest | PROMIS Number | Date Ind / Acc / Complt Filed | Original Plea | Date of Original Plea |
|---|---|---|---|---|
|  | 20 006305-001 | 03/17/2021 | ☑ Not Guilty  ☐ Guilty | 04/09/2021 |

Adjudication By   ☐ Guilty Plea   ☐ Jury Trial Verdict   ☐ Non-Jury Trial Verdict   ☑ Dismissed / Acquitted   Date: 11/14/2022

☐ Sealed (N.J.S.A. 2C:52-5.2)

### Original Charges

| Ind / Acc / Complt | Count | Description | Statute | Degree |
|---|---|---|---|---|
| 21-03-00028-S | 1 | OFFICIAL MISCONDUCT-OFFICIAL FUNCTION-BENEFIT >$200 | 2C:30-2A | 2 |
| 21-03-00028-S | 2 | TAMPER W/PUB RECS-FALSE ENTRY W/PURP DEFRAUD/INJR | 2C:28-7A(1) | 3 |
| 21-03-00028-S | 3 | TAMPERING WITH RECORDS-DESTROY/REMOVE CONCEAL RECRD ETC | 2C:21-4A | 4 |
| 21-03-00028-S | 4 | HINDERING-ONESELF-FALS INFO-UNDERLY 2 DEG+ OR 2C:11-5.1 | 2C:29-3B(4) | 3 |

### Final Charges

| Ind / Acc / Complt | Count | Description | Statute | Degree |
|---|---|---|---|---|
| | | | | |

### Sentencing Statement

It is, therefore, on _____ **ORDERED** and **ADJUDGED** that the defendant is sentenced as follows:
--- On November 14, 2022, Indictment 21-03-00028-S is hereby Dismissed to this Defendant only. ---

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| Total Custodial Term | Institution Name | Total Probation Term |
|---|---|---|
| 000 Years 00 Months 000 Days | | 00 Years 00 Months |

**State of New Jersey v.**
MORALES, RUBEN D

S.B.I. # 898609C   Ind / Acc / Complt # 21-03-00028-S

### DEDR (N.J.S.A. 2C:35-15 and 2C:35-5.11)

A mandatory Drug Enforcement and Demand Reduction (DEDR) penalty is imposed for each count. (Write in number of counts for each degree.)

☐ DEDR penalty reduction granted (N.J.S.A. 2C:35-15a(2))

| | Standard | Doubled |
|---|---|---|
| 1st Degree | ___ @ $ | ___ @ $ |
| 2nd Degree | ___ @ $ | ___ @ $ |
| 3rd Degree | ___ @ $ | ___ @ $ |
| 4th Degree | ___ @ $ | ___ @ $ |
| DP or Petty DP | ___ @ $ | ___ @ $ |

Total DEDR Penalty $ _____

☐ The court further ORDERS that collection of the DEDR penalty be suspended upon defendant's entry into a residential drug program for the term of the program. (N.J.S.A. 2C:35-15e)

| Forensic Laboratory Fee (N.J.S.A. 2C:35-20) | Total Lab Fee |
|---|---|
| Offenses @ $ | $ |

### VCCO Assessment (N.J.S.A. 2C:43-3.1)

| Counts | Number | Amount |
|---|---|---|
| | ___ @ | $ |
| | ___ @ | $ |
| | ___ @ | $ |
| | ___ @ | $ |

Total VCCO Assessment $ _____

### Vehicle Theft / Unlawful Taking Penalty (N.J.S.A. 2C:20-2.1)

| Offense | Mandatory Penalty |
|---|---|
| | $ |

### Offense Based Penalties

| Penalty | Amount |
|---|---|
| | $ |

### Other Fees and Penalties

| Law Enforcement Officers Training and Equipment Fund Penalty (N.J.S.A. 2C:43-3.3) ☐ $ _____ | Safe Neighborhoods Services Fund Assessment (N.J.S.A. 2C:43-3.2) ☐ ___ Offenses @ $ ___ Total: $ ___ |
|---|---|
| Probation Supervision Fee (N.J.S.A. 2C:45-1d) ☐ $ _____ | Statewide Sexual Assault Nurse Examiner Program Penalty (N.J.S.A. 2C:43-3.6) ☐ ___ Offenses @ $ ___ Total $ ___ |
| Transaction Fee (N.J.S.A. 2C:46-1.1) ☐ | |
| Domestic Violence Offender Surcharge (N.J.S.A. 2C:25-29.4) ☐ $ ___ | Certain Sexual Offenders Surcharge (N.J.S.A. 2C:43-3.7) ☐ $ ___ |
| Fine $ _____ | Sex Crime Victim Treatment Fund Penalty (N.J.S.A. 2C:14-10) ☐ $ ___ |
| Restitution $ ___  Joint & Several ☐ | Total Financial Obligation $ ___ |

☐ Entry of Civil Judgment for court-ordered financial assessment (N.J.S.A. 2C:52-5.2)

Details

### Additional Conditions

☐ The defendant is hereby ordered to provide a DNA sample and ordered to pay the costs for testing of the sample provided (N.J.S.A. 53:1-20.20 and N.J.S.A. 53:1-20.29).

☐ The defendant is hereby sentenced to community supervision for life (CSL) if offense occurred before 1/14/04 (N.J.S.A. 2C:43-6.4).

☐ The defendant is hereby sentenced to parole supervision for life (PSL) if offense occurred on or after 1/14/04 (N.J.S.A. 2C:43-6.4).

☐ The defendant is hereby ordered to serve a ___ year term of parole supervision, pursuant to the No Early Release Act (NERA), which term shall begin as soon as the defendant completes the sentence of incarceration (N.J.S.A. 2C:43-7.2).

☐ The court imposes a Drug Offender Restraining Order (DORO) (N.J.S.A. 2C:35-5.7h). DORO expires _____

☐ The court continues/imposes a Sex Offender Restraining Order (SORO) if the offense occurred on or after 8/7/07 (Nicole's Law N.J.S.A. 2C:14-12 or N.J.S.A. 2C:44-8).

☐ The court imposes a Stalking Restraining Order (N.J.S.A. 2C:12-10.1).

☐ The defendant is prohibited from purchasing, owning, possessing, or controlling a firearm and from receiving or retaining a firearms purchaser identification card or permit to purchase a handgun (N.J.S.A. 2C:25-27c(1)).

### Findings Per N.J.S.A. 2C:47-3

☐ The court finds that the defendant's conduct was characterized by a pattern of repetitive and compulsive behavior.

☐ The court finds that the defendant is amenable to sex offender treatment.

☐ The court finds that the defendant is willing to participate in sex offender treatment.

### License Suspension

☐ CDS / Paraphernalia (N.J.S.A. 2C:35-16)   ☐ Waived

☐ Auto Theft / Unlawful Taking (N.J.S.A. 2C:20-2.1)

☐ Eluding (N.J.S.A. 2C:29-2)

☐ Other

| Number of Months | ☐ Non-resident driving privileges revoked |
|---|---|
| Start Date | End Date |

Details

| Driver's License Number | Jurisdiction |
|---|---|

If the court is unable to collect the license, complete the following:

Defendant's Address

| City | State | Zip |
|---|---|---|

| Date of Birth | Sex ☐ M ☐ F | Eye Color |
|---|---|---|

**State of New Jersey v.**
MORALES, RUBEN D

S.B.I. # 898609C   Ind / Acc / Complt # 21-03-00028-S

## Time Credits

| Time Spent in Custody<br>R. 3:21-8 | Gap Time Spent in Custody<br>N.J.S.A. 2C:44-5b(2) | Prior Service Credit |
|---|---|---|
| Date: From    – To | Date: From    – To | Date: From    – To |
| – | – | – |
| – | – | – |
| – | – | – |
| – | Total Number of Days _____ | – |
| – | **Rosado Time** | – |
| – | Date: From    – To | – |
| – | – | – |
| – | – | – |
| – | – | – |
| – | – | – |
| Total Number of Days _____ | Total Number of Days _____ | Total Number of Days _____ |

## Statement of Reasons - Include all applicable aggravating and mitigating factors

| Attorney for Defendant at Sentencing | Public Defender |
|---|---|
| DAVID J HEINTJES | ☐ Yes  ☑ No |
| Prosecutor at Sentencing | Deputy Attorney General |
| ANDREW WELLBROCK | ☑ Yes  ☐ No |
| Judge at Sentencing | |
| VERNA G. LEATH | |
| Judge (Signature) | Date |
| /s VERNA G. LEATH | 11/16/2022 |

# DISMISSAL

| | |
|---|---|
| **STATE OF NEW JERSEY,** | **SUPERIOR COURT OF NEW JERSEY** |
| | **ESSEX COUNTY – LAW DIVISION** |
| **PLAINTIFF,** | **INDICTMENT NO.: 21-03-00028-S** |
| -vs- | |
| | **CRIMINAL** |
| **RUBEN MORALES,** | |
| | **DATE: 11/14/2022** |
| **DEFENDANT.** | |

| | | | |
|---|---|---|---|
| Date of Birth: | 9/17/1978 | **PROSECUTOR'S RECOMMENDATION FOR** | |
| S.B.I. #: | 898609C | **DISMISSAL OF INDICTMENT/ACCUSATION** | |
| Date of Arrest: | 8/13/2020 | PG #: | 20006305 |
| Date Ind./Acc. Filed: | 3/17/2021 | Defense Counsel: | David Heintjes |
| DCJ #: | 2019-18219 | Deputy AG: | Andrew Wellbrock |
| | | **MATTHEW J. PLATKIN** | |
| | | **ATTORNEY GENERAL** | |

ORIGINAL CHARGES:   *(IF DEFENDANT HAS A PREVIOUS RECORD, ATTACH COPY HERE)*

| IND./ACC. NO. | CT. | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| 21-3-00028-S | 1 | Official Misconduct | 2nd | N.J.S.A. 2C:30-2 |
| 21-3-00028-S | 3 | Falsifying or Tampering with Records | 4th | N.J.S.A. 2C:21-4a |
| 21-3-00028-S | 4 | Hindering Apprehension or Prosecution | 3rd | N.J.S.A. 2C:29-3b4 |

**PROSECUTOR:**
**STATE OF NEW JERSEY**

DEAR MADAM:

After a thorough and complete investigation of the facts in this case, I respectfully recommend that the charge(s) made against this defendant be dismissed for the following reasons:

Defendant began employment as a Correctional Police Officer with the New Jersey Department of Corrections ("DOC") on January 12, 2000. On September 9, 2019, the defendant filled out a DOC form to renew his State-issued identification card. The defendant answered in the negative to a question asking if he is currently, or had ever been, "affiliated with and/or a member of any subversive organization, association, movement or group, including gangs (Bloods, Crips, Latin Kings, Netas, MS-13s, Skinheads, Organized Crime or any other gang)? Beginning in late 2019, investigators from the Department of Corrections and Office of Public Integrity & Accountability conducted an investigation and uncovered evidence that the defendant had been the national

vice president of an Outlaw Motorcycle Gang called the Thug Riders. They also learned that the defendant was currently a member of another Outlaw Motorcycle Gang called the Thunderguards.

Investigators also learned that the defendant had been operating a food truck business while out on worker's compensation and did not obtain the appropriate approvals from DOC to engage in secondary employment.

On August 13, 2020, the defendant gave a statement in the presence of a DOC Senior Investigator, a detective from the Office of Public Integrity & Accountability, and then-Deputy Attorney General Anthony Robinson. In that statement, the defendant detailed his knowledge of relevant DOC training and policies, described his role in the Thug Riders including the group's transition to an Outlaw Motorcycle Gang, and admitted that his "no" answer to the subversive organization question was inaccurate. Investigators attempted to record a portion of that interview, but were not successful in that effort.

The State gave notice to introduce that statement pursuant to R. 104(c), and the defense filed a motion to suppress same. In the course of motions leading up to an evidentiary hearing regarding the statement, the Court ordered certifications from various State's witnesses regarding the recording equipment and various items of discovery. Additionally, the defendant issued a subpoena to then-DAG Anthony Robinson for his testimony at the evidentiary hearing. In response, the State filed a motion to quash that subpoena on the grounds that his testimony would infringe on the work-product privilege. In a status conference on October 24, 2022, before the Honorable Verna Leath, the Court reviewed the above-referenced certifications, stated that they did not address the questions posed by the Court, and scheduled and evidentiary hearing for November 3, 2022. Additionally, the Court denied the State's motion to quash and ordered then-DAG Anthony Robinson to appear at that hearing. In light of the State's concerns regarding work-product at that hearing as well as the concerns raised over the circumstances of the defendant's statement, the interests of justice would be best served by dismissal of the indictment. As such, we move to dismiss all counts of the indictment with prejudice.

Respectfully submitted,

Andrew Wellbrock
Deputy Attorney General
Office of Public Integrity & Accountability

**APPROVED BY:**

**Thomas Eicher**
**Executive Director**
**Office of Public Integrity & Accountability**

DISMISSAL ON MOTION OF THE PROSECUTOR, GRANTED BY:

(JUDGE'S SIGNATURE) _____ J.S.C.

(JUDGE'S NAME PRINTED) The Honorable Verna G. Leath _____ J.S.C.

DATE: Nov. 19, 2022

PG# 20006305