

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

# State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

August 29, 2023

**via CM/ECF:**
Hon. Julien Xavier Neals, U.S.D.J.
Frank R. Lautenberg US Post Office and
Courthouse - Room 457
1 Federal Square
Newark, New Jersey 07102

   **Re:** **<u>Morales v. The State of New Jersey, et al.</u>**
      **Civil Action No.: 21-cv-11548 (JXN-AME)**

Dear Judge Neals:

  This office represents the State of New Jersey, New Jersey Department of Corrections, Northern State Prison, the New Jersey Department of Corrections Special Investigations Division, Marcus Hicks, Victoria Kuhn, Matthew Schlusselfeld, and Duane Grade ("Defendants") in the above-entitled matter. Please accept this letter brief as Defendants' opposition to Plaintiff's motion for reconsideration dated August 17, 2023. The motion should be denied because Plaintiff has not established he is entitled to such extraordinary relief.



## **PROCEDURAL HISTORY AND BACKGROUND**

On April 22, 2021, Plaintiff, Ruben Morales, filed a complaint in Essex County against the State of New Jersey, the New Jersey Department of Corrections, Northern State Prison, the New Jersey Department of Corrections Special Investigations Division, Marcus Hicks, Victoria Kuhn, Patrick Nogan, George Robinson Jr., Matthew Schlusselfeld, Duane Grade and Shawn Zambrano. (See ECF No. 1). He asserted claims against these Defendants under the New Jersey§ Law Against Discrimination, ("NJLAD") N.J. Stat. Ann. § 10:5-12(a); the New Jersey Civil Rights Act ("NJCRA") N.J. Stat. Ann § 10:6-1 to -2; the Conscientious Employee Protection Act ("CEPA") N.J. Stat. Ann. § 34:19-1 to -8; the New Jersey Tort Claims Act ("TCA") N.J. Stat. Ann. § 59:2 -10 and, claims under the U.S. Constitution pursuant to 42 U.S.C. § 1983. (*See generally Id*., Exhibit-A).

Plaintiff asserted eighteen causes of actions against Defendants as follows: Count One - failure to accommodate; Count Two – retaliation; Count Three - aiding and abetting; Count Four – New Jersey Civil Rights Act; Count Five – Retaliation/Constitutional Violation/Petition Clause; Count Six – CEPA; Count Seven - "Giving Dangerous Person Opportunity to Injure;" Count Eight - "Enhancing Risk of Criminal Attack;" Count Nine - "Discharge Due to Workers' Compensation Claim;" Count Ten - "Intentional Infliction of Emotional Distress;"

August 29, 2023
Page 3

Court Eleven - "False Complaint of Unprofessional Conduct;" Count Twelve "Intentional Interference with Prospective Economic Advantage;" Count Thirteen- "Tortious Interference with Prospective Economic Advantage;" Count Fourteen - "Assault;" Court Fifteen - "Battery;" Count Sixteen - "Fundamentally Unfair Government Action;" Count Seventeen - "Public Employee Wrongfully Enforcing Law;" and Count Eighteen - "Wrongful Discharge in Violation of Public Policy – Pierce Claim." *Id.*

On April 30, 2021, the State of New Jersey, the New Jersey Department of Corrections, and the New Jersey Department of Corrections Special Investigation Division, and Defendants Hicks, Kuhn, and Grade, were served. (See Certification of Counsel, ECF. No. 1). On May 3, 2021, Defendant Schlusselfeld was served.

On May 19, 2021, the case was removed to this Court on behalf of all Defendants, except Defendants Patrick Nogan, George Robinson Jr. and Shawn Zambrano.[1] On May 24, 2021, Defendants' application for a clerks' extension was granted. (ECF No. 2). On June 4, 2021, the Court granted Defendants' request for a thirty-day extension to July 9, 2021, to answer, move or otherwise respond to the complaint. (ECF No. 5).

---

[1] Defendants Patrick Nogan, George Robinson and Shawn Zambrano were not served.

On July 8, 2021, Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6). (ECF No.7). Plaintiff filed an opposition on August 18, 2021, and Defendants filed their reply brief on September 13, 2021.

On August 8, 2023, the Court issued a Memorandum and Order. (ECF No. 21). The motion was granted in part and denied, which resulted in dismissal of Counts Four, Five, Seven, Eight, Ten, Eleven, Twelve, Thirteen, Sixteen, Seventeen and Eighteen with prejudice. (*See generally, Id.*). As a result, Counts One, Two, Three, Six, Nine, Fourteen and Fifteen remained. *Id.* It should also be noted that Counts Fourteen and Fifteen were asserted against Defendant Zambrano only, but he was not served. Accordingly, Defendants are now required to answer, move or otherwise plead to Counts One, two, three, Six and Nine.

On August 17, 2023, Plaintiff filed a motion for reconsideration pursuant to Local Civil Rule 7.1(i). He claims therein that reconsideration is warranted to correct manifest injustice due to newly discovered evidence, based on facts he claims had not occurred prior to the Court's decision to dismiss count 18 with prejudice. Defendants now file this opposition because the claim of newly discovered evidence lacks merit and Plaintiff has not demonstrated he is entitled to such extraordinary relief.

### **PLAINTIFF HAS NOT ESTABLISHED SUFFICIENT GROUNDS TO SUPPORT A MOTION FOR RECONSIDERATION, OR TO BE GRANTED SUCH EXTRAORDINARY RELIEF.**

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs., LLC v. Penson Fin. Servs.*, 2010 U.S. Dist. LEXIS 83601 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603-04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.*

Here, Plaintiff claims reconsideration is necessary regarding the Court's dismissal of count eighteen of his complaint for wrongful discharge, due to newly discovered evidence. (See generally, Plaintiff's Brief). The Court dismissed count eighteen, in addition to other tort claims, for Plaintiff's failure to timely file a tort

claims notice pursuant to N.J. Stat. Ann. § 59:8-8(a). (ECF No. 21). But, Plaintiff claims now that because Defendants recently issued a Final Notice of Disciplinary Action on August 3, 2023, that constitutes newly discovered evidence because it establishes the "Plaintiff was terminated by way of a Final Notice of Disciplinary Action on August 3, 2023. (See generally, Plaintiff's Brief). Plaintiff claims further that it was impossible for the Court to consider such evidence because "that fact didn't exist until the same day the Court dismissed Plaintiff's wrongful termination claim with prejudice." *Id.*

However, the claim lacks merit because the Plaintiff overlooks the fact that in support of count eighteen, he admitted in his complaint that he was already removed from employment when he stated, "Defendants removed Plaintiff from employment for making a workers' compensation claim and being the victim of a violent crime and complaining about same and the conditions leading up to same." (ECF No.1, ¶ 127). And, as further evidence the Final Notice of Removal relates to the same event in the complaint, Plaintiff claims again that he "was subjected to retaliation in the form of adverse employment actions, <u>removal from employment</u>, and criminal prosecution." *Id.* at ¶ 68. (Emphasis added). Therefore, manifest injustice would not result if Plaintiff's removal is not addressed because that issue was litigated. And, Plaintiff's removal from employment does not constitute newly discovered

evidence; therefore, reconsideration would only permit him to relitigate an old matter.

The Local Rule dictates that the movant must identify the matter or controlling decisions that the Court "has overlooked." L.Civ.R. 7.1(i). Moreover, reconsideration is not appropriate to "relitigate old matters" or to voice disagreement with the court's decision. *See Flores v. Predco Servs. Corp.*, No. 10-1320, 2011 WL 3273573, at *2 (D.N.J. July 29, 2011) ("A motion for reconsideration is improper when it is used to ask the Court to rethink what it has already thought through-rightly or wrongly."). *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)(internal quotation marks omitted). Accordingly, the Plaintiff has not established sufficient grounds to support a motion for reconsideration.

August 29, 2023<br>
Page 8

## **CONCLUSION**

For the foregoing reasons, the motion for reconsideration should be denied.

        Respectfully submitted,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

By:   s/Marvin L. Freeman_____
       Marvin L. Freeman
       Deputy Attorney General

cc:  **Via elec. filing only**
     David J. Heintjes
     Weiner Law Group, LLP
     Plaintiff's Attorney