UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUBEN D. MORALES, | : |
| Plaintiff, | : Civil Action No. 21-11548 (JXN) (AME) |
| v. | : MEMORANDUM OPINION AND ORDER |
| STATE OF NEW JERSEY, THE NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, THE NEW JERSEY DEPARTMENT OF CORRECTIONS SPECIAL INVESTIGATION DIVISION, MARCUS HICKS, VICTORIA KUHN, PATRICK NOGAN, GEORGE ROBINSON, JR., MATTHEW SCHLUSSELFELD, DUANE GRADE (in their personal and official capacities), SHAWN ZAMBRANO, JOHN AND JANE DOES (1-50) (in their personal and professional capacities), and XYZ ENTITIES AND CORPS (1-50), | : |
| Defendants. | : |

**NEALS**, District Judge:

This matter comes before the Court on Plaintiff Ruben D. Morales's ("Plaintiff") motion to reconsider (ECF No. 24) (the "Reconsideration Motion") the Court's Memorandum Opinion and Order (ECF No. 21) (the "Memo Opinion and Order") that granted in part and denied in part Defendants the State of New Jersey, the New Jersey Department of Corrections ("the DOC"), Northern State Prison ("Northern State"), the New Jersey Department of Corrections' Special Investigation Division, Marcus Hicks, Victoria Kuhn, Jr., Matthew Schlusselfeld, and Duane Grade's (collectively, "the State Defendants") motion to dismiss (ECF No. 7) (the "Motion to

Dismiss"). The State Defendants opposed the Reconsideration Motion (ECF No. 25), and Plaintiff did not file a reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's Reconsideration Motion (ECF No. 24) is **DENIED**.

1. In the complaint (ECF No. 1-1) (the "Complaint"), Plaintiff alleges that after being "assigned to the Administrative Segregation Unit of" Northern State (the "Segregation Unit"), he was injured when defendant Shawn Zambrano "let himself out of his cell and proceeded to viciously attack and beat" Plaintiff "after following [him] out of the unlocked door of his cell." (Compl. ¶¶ 16, 32). According to Plaintiff, he "reported" the incident to Defendants and "filed a workers' compensation Claim Petition." (*Id.* ¶¶ 33, 36). And Defendants subsequently "began an unlawful investigation into Plaintiff" and "then used information from their malicious investigation to portray Plaintiff in a false light as a criminal." (*Id.* ¶¶ 37, 39).

2. On April 22, 2021, Plaintiff filed the Complaint against the State Defendants and Patrick Nogan, George Robinson, Jr., and Shawn Zambrano, alleging eighteen causes of action. On July 8, 2021, the State Defendants filed the Motion to Dismiss (ECF No. 7) seeking dismissal of Counts Four to Eighteen.

3. On August 3, 2023, the Court entered the Memo Opinion and Order (ECF No. 21), which granted the Motion to Dismiss only as to Counts Four and Five; and Counts Seven to Eight, Ten to Thirteen, and Sixteen to Eighteen (the "State Tort Claims"). Relevant here, the Court dismissed the State Tort Claims *with prejudice* after finding that the claims were barred by N.J.S.A. 59:1-1, et seq. due to Plaintiff's failure to file a notice of tort claim. (Mem. Op. Ord. at 11-15)[1].

---

[1] The Court refers to the ECF page numbers for the documents discussed herein.

4. On August 17, 2023, Plaintiff timely moved for reconsideration only as to Count Eighteen on the basis that because Plaintiff was terminated on August 3, 2023, "the same date that the Court entered the" Memo Opinion and Order, he was not required to file a notice of tort claim prior to that date. (Pl.'s Br. at 4). And because Plaintiff has since filed the notice, the claim should be dismissed *without prejudice*.

5. Under Local Civil Rule 7.1(i), a party may seek reconsideration of an order or judgment by "setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked . . . ." L. Civ. R. 7.1(i). To prevail on a motion for reconsideration, the moving party must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court" issued the order or judgment; "or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

6. "[R]econsideration is an extraordinary remedy, that is granted very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F.Supp.2d 482, 507 (D.N.J. 2002) (citations and internal quotations omitted). This is because "[t]he standard of review involved in a motion for" reconsideration is "quite high . . . ." *U.S. v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994) (citation omitted). To that end, "[t]he Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F.Supp.2d 475, 478 (D.N.J. 2014) (citations omitted). "The word 'overlooked' is the operative term in the Rule." *Ibid.* (citation omitted).

7. Plaintiff argues that reconsideration is necessary because of "newly discovered evidence[.]" (Pl.'s Br. at 4). Specifically: (i) the dismissal of Plaintiff's indictment; (ii) Plaintiff

being "served with entirely new administrative charges[;]" and (iii) Plaintiff's termination. (*Id.* at 6; *see also* Exs. A-C (ECF Nos. 24-10, 24-3-4) to David J. Heintjes, Esq.'s Aug. 17, 2023, certification (ECF No. 24-2)). Pertinent here, Plaintiff alleges that "it was impossible for the Court to consider that Plaintiff was terminated because that fact didn't exist until the same day the Court dismissed Plaintiff's wrongful termination claim with prejudice." (*Id.* at 7). In Opposition, the State Defendants argue that the Court already considered Plaintiff's termination as the Complaint alleges that "Defendants removed Plaintiff from employment for making a workers' compensation claim and being the victim of a violent crime and complaining about same and the conditions leading up to same." (State Defs.' Br. at 6 (quoting Compl. ¶ 127)). The Court agrees.

8. In the Reconsideration Motion, Plaintiff argues that the Court could not consider whether he was terminated in deciding the Motion to Dismiss because he was not terminated until August 3, 2023. (Pl.'s Br. at 4). In so doing, Plaintiff appears to make a distinction between "removed" and "terminated[.]" The distinction, however, does not merit reconsideration.

9. First, on a motion to dismiss, the Court considers whether the Complaint pleads sufficient facts to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The basis of Count Eighteen is that Defendants removed Plaintiff from employment. (Compl. ¶ 127). Because Plaintiff alleges that he was removed, the Court considered Plaintiff's termination despite now suggesting that removal did not mean termination in the Complaint.

10. Second, to state claim under the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, et seq. ("CEPA") and Workers' Compensation, Plaintiff alleged his removal was an adverse employment action and that he was discharged for submitting a workers' compensation claim. (Mem. Op. Ord. at 8, 10). Plaintiff cannot argue on the one hand that he was discharged and suffered an adverse employment action because he was removed from his DOC

4

position to state a CEPA and workers' compensation claim, and on the other hand that he was not terminated such that Count Eighteen should not have been dismissed *with prejudice*.  Indeed, Plaintiff proffers no authority to support his claim that the removal and termination distinction requires that reconsideration be granted.  Thus, the Court finds that Plaintiff is not entitled to "extraordinary" relief.  *Interfaith Cmty. Org.*, 215 F.Supp.2d at 507 (citations and internal quotations omitted).

11.	Third, Local Civil Rule 7.1(i) "does not . . . contemplate a Court looking to matters which were not originally presented, but which have since been provided for reconsideration." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, 162 (D.N.J. 1988).  In asserting that the Court should reconsider the Memo Opinion and Order because he was not terminated until the same day it was entered, Plaintiff seeks relief that the Local Civil Rules did not intend to provide.  Therefore, the Reconsideration Motion is denied.

12.	Next, Plaintiff argues that because Count Eighteen as to the public entity defendants was also dismissed due to being immune from the intentional and willful wrongdoing of their employees, dismissing the claim on that basis was "premature in a pre-discovery, pre-responsive pleading portion of the case."  (Pl.'s Br. at 7).  The Court disagrees.

13.	N.J.S.A. 59:2-10 provides that a "public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct."  In alleging that "Defendants began an unlawful investigation into Plaintiff" and "then used information from their malicious investigation to portray Plaintiff in a false light as a criminal" (*see* Compl. ¶¶ 37-39), Count Eighteen relies on the alleged unlawful and/or malicious actions of the public entities' employees.  Thus, reconsideration is not appropriate.  *See U.S. v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J. 1999) ("Mere disagreement with" the Court's ruling is

not a basis for reconsideration).

15. Further, Plaintiff does not cite to "an intervening change in the controlling law" or "the need to correct a clear error of law or fact or to prevent a manifest injustice" (*see Max's Seafood Café by Lou Ann, Inc.*, 176 F.3d at 677 (citation omitted)), such that reconsideration should be granted because "[t]here is a significant difference between" the terms "willful misconduct (or actual fraud) and not actions taken lacking good faith." (Pl.'s Br. at 7). Even if true, such an argument has no bearing on the motion because Plaintiff's lack of good faith allegation relates to Count Seventeen, and not Count Eighteen. (*See* Compl. ¶ 124 (alleging Defendants' actions were done in "bad faith.")). Finally, in addition to being nonbinding, *Bombace v. City of Newark*, 241 N.J. Super. 1 (App. Div. 1990), which Plaintiff cites in support (*see* Pl.'s Br. at 7-8), was reversed on appeal. *See Bombace v. City of Newark*, 125 N.J. 361 (1991). Thus, *Bombace* does not serve as controlling law or supports reconsideration.

15. For all the foregoing reasons, Plaintiff's motion for reconsideration (ECF No. 24) is **DENIED**.

DATED: 10/5/2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge