**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

David J. Heintjes, Esq.
Valerie Palma Deluisi, Esq.
**Law Offices of Nicholas J. Palma, Esq.,**
**Valerie Palma Deluisi, Esq., and Associates, P.C.**
1425 Broad Street
Clifton, NJ 07013
Telephone: (973)471-1121
Facsimile: (973)472-0032
DJH@PalmaLawFirm.com
VPD@PalmaLawFirm.com
*Attorneys for Plaintiff, Ruben D. Morales*

| | |
|---|---|
| RUBEN D. MORALES,<br><br>                     Plaintiff,<br>vs.<br><br>THE STATE OF NEW JERSEY, THE NEW JERSEY DEPARTMENT OF CORRECTIONS, NORTHERN STATE PRISON, THE NEW JERSEY DEPARTMENT OF CORRECTIONS SPECIAL INVESTIGATION DIVISION, MARCUS HICKS, VICTORIA KUHN, PATRICK NOGAN, GEORGE ROBINSON JR., MATTHEW SCHLUSSELFELD, DUANE GRADE (IN THEIR PERSONAL AND OFFICIAL CAPACITIES), SHAWN ZAMBRANO, JOHN AND JANE DOES (1-50) (IN THEIR PERSONAL AND PROFESSIONAL CAPACITIES), AND XYZ ENTITIES AND CORP'S (1-50),<br><br>                     Defendants. | CIVIL ACTION NO.<br><br>21 cv 11548 (JXN)(AME)<br><br><br><br>**FIRST AMENDED COMPLAINT**<br>**AND JURY DEMAND** |

Plaintiff, Ruben D. Morales, by and through his attorneys, by way of First Amended

Complaint against the Defendants herein, hereby states as follows:

**<u>Parties</u>**

1.      Plaintiff, Ruben D. Morales, is a Latino-American citizen and was a Senior Correctional Police Officer employed by the New Jersey Department of Corrections (hereinafter "DOC" when referred to individually) since on or about, September 26, 1999, and was assigned to Northern State Prison (hereinafter "NSP") at all times relevant to the within action.  He enjoys permanent civil service status as well as collective bargaining protections and can only be removed for just cause.  Plaintiff at all times adequately and satisfactorily performed his job duties.

2.      Marcus Hicks was the Commissioner of DOC.  As such, he is the head and chief executive officer of DOC.

3.      Victoria Kuhn is the Director of the Department of Corrections Office of Employee Relations (hereinafter "OER") and is an attorney licensed to practice law in the State of New Jersey.  As such, she is the head of OER and is the Commissioner's designee who, among other things, authorizes, approves, and or directs or controls the determinations regarding the imposition of discipline upon employees of DOC that are protected by the New Jersey Civil Service Act and/or collective bargaining agreements.  Defendant Kuhn also offers legal advice to DOC and at times directs and/or consults over the course of investigations conducted by DOC Investigators and/or custody staff.  During the pendency of this action, Defendant Kuhn was promoted to the Position of Commissioner of DOC and is the head and chief executive officer of DOC.

4.      Patrick Nogan is the Administrator of NSP.  As such, he is the head and chief executive of that institution and held that position at times relevant to this action.

5.      George Robinson Jr. served as the Administrator to NSP at times relevant to this action.

6.      Shawn Zambrano is an African-American male and is an inmate in the custody of DOC at all times relevant to the within action.  On April 22, 2019 inmate Zambrano while incarcerated for a violent Car-Jacking was housed in the Administrative Segregation Unit for committing institutional disciplinary infractions of a violent nature.

7.      Duane Grade is the Chief of the Special Investigation Division ("SID").  As such he is the highest-ranking member of SID and directs and/or consults over the course of investigations conducted by DOC Investigators and/or custody staff.

8.      Matthew Schlusselfeld is a white male and is an investigator for SID.

9.      DOC is a principal department in the Executive Branch of the State Government with its principal place of business located at Stuyvesant and Whittlesey Road in Trenton, New Jersey.

10.     OER is part of the Division of Administration within DOC and is responsible for, among other things, overseeing employee grievances and employee discipline.

11.     SID is a Division of DOC and is responsible for investigations into violations of the laws of the State of New Jersey and violations of the administrative code for the DOC by inmates, employees and those individuals who visit DOC facilities.

12.     NSP is an organizational unit of DOC and is a maximum-security correctional facility located at 168 Frontage Road, in the County of Essex, City of Newark.

13.     The Administrative Segregation Unit is a unit within NSP that houses those inmates that are too violent to be housed in general population.

14.     Defendants, John and Jane Does 1-50 and XYZ Entities and Corps. 1-50 (fictitiously named parties whose identities are unknown at the present time, but which may be

learned through further discovery) are additional individuals and/or entities who may be responsible for Plaintiffs damages.

## JURISDICTION

15.     United States District Court for the District of New Jersey has original subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1331.

16.     United States District Court for the District of New Jersey has supplemental jurisdiction over New Jersey State Law claims that form part of within case and controversy, pursuant to 28 U.S.C. § 1367.

## VENUE

17.     Venue is properly vested in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, as Plaintiff Manata and all Defendants reside or are headquartered in the State of New Jersey, and the claims herein arose within the jurisdictional limits of United States District Court for the District of New Jersey.

## Facts and Allegations Common to All Counts

18.     Plaintiff began his employment with DOC on or about September 26, 1999. At all times, Plaintiff adequately and satisfactorily performed his duties. Indeed, in his twenty (20) plus year career, prior to the present tortious administrative and criminal charges, Plaintiff has only received one disciplinary action and two commendations.

19.     On or about April 22, 2019, Ruben Morales was employed as a correctional police officer with the New Jersey Department of Corrections and assigned to the Administrative Segregation Unit of Northern State Prison.

20.     Upon information and belief, Northern State Prison is a maximum-security prison and houses approximately 1800 prisoners classified as General Population Special Needs, Administrative Close Supervision Unit, Administrative Segregation Unit, and Therapeutic Community.

21.     Northern State Prison has locking safety and cell doors throughout the prison in order to protect the correctional police officers from the inmates and to protect inmates from one another.

22.     Upon information and belief, the locks on the cell doors within the Administrative Segregation ("Ad Seg") Unit of NSP did not work and did not lock, thereby creating the extremely dangerous condition of allowing inmates to free themselves from their cells.

23.     The Department of Corrections had direct and actual knowledge from Plaintiff and others that the locks on the cell doors in Ad Seg were defective, faulty, and or inoperable prior to April 22, 2019 and took no steps to repair the locks on the cell doors within NSP Ad Seg Unit despite that dangerous condition being well known and well documented.

24.     The nonfunctioning locks created a condition that was a near certitude to occur to wit, a brutal assault on Plaintiff or anyone similarly situated.

25.     The Department of Corrections failure to provide properly working cell doors was willful and wanton and constitutes an intentional wrong.

26.     As a result of improperly working cell doors which did not lock, there was a substantial certainty of injury.

27.     Upon information and belief, the Department of Corrections was aware the prisoners incarcerated in NSP AD. Seg. had knowledge that the safety locks on the cell doors did not lock.

28.     Upon information and belief, the Department of Corrections acted with knowledge of conditions that made it substantially certain that Ruben Morales or a worker similarly situated, would suffer injury, and that such conditions were neither a simple fact of industrial life nor intended for legislative immunity.

29.     As a result of the lack of properly working and locking safety and cell doors Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income and permanent disabilities that will, in the future, similarly incapacitate him, cause him great pain and suffering and require medical treatment and other damages.

30.     The intentional and wanton conduct of the failure of the Department of Corrections to provide properly locking cell doors in the most dangerous unit of NSP and the injuries sustained by Morales are not part and parcel of everyday industrial life.

31.     The willful failure and egregious conduct of the Department of Corrections to refuse or otherwise fail to repair, replace and fix improperly working cell doors created conditions that made it substantially certain that Morales, or a worker similarly situated, would suffer injury, and that such conditions created a substantial certainty of injury.

32.     On or about June 16, 2017, defendant Shawn A. Zambrano a/k/a Kevin Garrison a/k/a Shawn Zambrano, (hereinafter referred to as "Zambrano") was incarcerated at NSP after being convicted of first-degree carjacking - inflicting bodily injury/use of force.

33.     As a result of the conviction of the first-degree crime which included bodily injury and use of force, Zambrano was sentenced to nine (9) years at Northern State Prison.

34.     Upon information and belief, Zambrano was incarcerated in the Administrative Segregation unit of NSP for repeated violent infractions.

35.     On or about April 22, 2019, Ruben Morales was completing his rounds at Northern State Prison. Zambrano let himself out of his cell and proceeded to viciously attack and beat Morales after following Morales out of the unlocked door of his cell.

36.     On or about April 22, 2019, Morales reported to Defendants, that which his coworker already saw, that he was the victim of a violent criminal assault at the hands of Zambrano in the course of which he was severely injured.

37.     As a result of the attack and beating, Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, causing him great pain and suffering and require medical treatment and other damages.

38.     Upon information and belief, Zambrano acted with knowledge of conditions that made it substantially certain that Morales, or a worker similarly situated, would suffer injury, and that such conditions were neither a simple fact of industrial life nor intended for legislative immunization.

39.     On or about May 14, 2019, Plaintiff filed a workers' compensation Claim Petition.

40.     On or about September 20, 2019, The New Jersey Department of Treasury, Division of Risk Management determined that Morales, as a result of the line of duty assault, sustained "serious bodily injury" and was thus DOC was obligated to pay Plaintiff enhanced Workers' Compensation Benefits according to N.J.S.A. 34:15-37.1.

41.     On or about October 11, 2019, DOC paid Plaintiff roughly $11,300.00 in supplemental Workers Compensation benefits as mandated by the Department of Treasury.

42.     Within days of Morales receiving the payment of his enhanced benefits, Defendants, with ulterior motive(s) and without just or probable cause, opened a "Criminal Investigation".

43.     During the investigation, and without cause, Defendants abused legal process to unreasonably and/or unlawfully obtain access to Plaintiff's private phone and financial records.

44.     Unsatisfied with the returns of the privacy invasions garnered via subpoena, Defendants went so far as to materially misrepresent information to the Court and obtain a Communication Data Warrant to unreasonably and/or unlawfully obtain and search Plaintiff's private social media communications.

45.     Defendants conducted an unreasonable and/or unlawful search of Plaintiff's private communications via social media.

46.     Upon information and belief, Defendants failed or otherwise refused to criminally prosecute Defendant Zambrano as a result of the investigation.

47.    On August 12, 2020, Defendants summoned Morales to report to headquarters under the false pretenses that he was going to be discussing his disability and whether he intended to file for an Accidental Disability Pension for the injuries he suffered during the inmate assault.

48.    On August 13, 2020, Morales reported to headquarters where he was served criminal charges by Defendants.

49.    Without cause or any good faith legal justification, either of his own volition or acting on the direction of his superiors, Defendant Schlusselfeld swore to probable cause and charged Plaintiff with one count of Tampering with Public Records in violation of N.J.S.A. 2C:28-7(A)1 and one count of Falsifying or Tampering with Records in violation of N.J.S.A. 2C:21-4(A).

50.    Morales was so devastated by Defendants' conduct that he was committed to Clara Mass Medical Center on or around August 16, 2020, for a period of ten days for fear that he would harm himself.

51.    While Plaintiff was institutionalized as a result of the psychological injuries caused by Defendants' conduct, Morales missed the birth of his youngest son.

52.    On or about August 17, 2020, while Plaintiff was still psychiatrically institutionalized, Defendants deprived Plaintiff of due process and suspended Plaintiff from employment without affording him an opportunity to review the evidence and respond to the allegations against him.

53.    Using the unjust suspension as legal justification, Defendants then immediately ceased paying Plaintiff's Workers Compensation benefits leaving Plaintiff without any income.

54.    On or about March 17, 2021, Defendant Schlusselfeld gave false testimony before a Grand Jury resulting in Plaintiff's indictment on not only the initial charges, but also additional

and more grievous charges of Official Misconduct in violation of N.J.S.A. 2C:30-2, Conspiracy in violation of N.J.S.A. 2C:2-6, and Hindering Apprehension or Prosecution in violation of N.J.S.A. 2C:29-3(b)(4).

55.      Plaintiff maintained his innocence and refused Defendants' efforts to force him to plead guilty to conduct he did not commit.  Plaintiff challenged the alleged evidence against him and the Court ordered an evidentiary hearing and compelled the prosecution to produce witnesses and provide sworn testimony.

56.      On or about November 17, 2022, on the eve of Defendant Schlusselfeld being compelled to give sworn testimony before the Court, the State Moved to Dismiss all charges against Plaintiff with Prejudice.

57.      Nevertheless, Defendants persisted with their removal of Plaintiff.

58.      On or about November 19, 2022, all criminal charges were dismissed upon the Honorable Verna G. Leath, J.S.C. at the request of the Attorney General.  The State's Motion to Dismiss the Indictment with Prejudice was made in the interest of justice.

59.      On or around March 1, 2023, Defendants issued new charges administrative charges against Morales.

60.      A hearing on the charges was held on April 10, 2023, and June 21, 2023.  Prior to the hearing, Morales requested relevant discovery and asked that certain individuals, all in the employ of NJDOC, be produced.  Both those requests were denied by Defendants.

61.      Despite Morales' place of employment being NSP, the first hearing day was held 77 miles away and the second day of the hearing was held approximately 40 miles away from the authority that issued the charges.

62.    In their efforts to interfere and/or deny Plaintiff his civil rights, Defendants attempted to intimidate Plaintiff by conducting the hearing in an abandoned prison guarded by heavily armed special operations officers.

63.    During the second day of the hearing, Defendant Schlusselfeld, among many other statements against Defendants' interest, revealed that Defendants had actual knowledge that Tywan Diggs, was an active member of the alleged subversive organization for which Morales faced criminal charges and was subsequently administratively terminated from employment. Defendant Schlusselfeld revealed that despite Defendants' actual knowledge of Tywan Diggs membership in that organization he was never even interviewed by Defendants yet was inexplicably deemed not to be a threat.

64.    Tywan Diggs is an African American male and a Senior Correctional Police Officer actively employed by Defendants at NSP, upon information and belief since in or around 2009.

65.    Finally, on August 3, 2023, Morales was terminated from his employment and issued a Final Notice of Disciplinary Action.

66.    While out on Workers' Compensation, numerous criminal and administrative charges were instituted against Plaintiff which prevented his ability to return to work and which caused him to suffer severe emotional distress. All of the aforesaid conduct by Defendants also caused him to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, cause him great pain and suffering and require medical treatment and other damages.

67.    Defendants then both misrepresented and fabricated information from their malicious investigation to portray Plaintiff in a false light as a criminal.

68.    Defendants' false portrayal of Plaintiff led to him being both administratively and criminally prosecuted for offenses he did not commit.

69.    Defendants' false portrayal of Plaintiff resulted in his inability to return to his position at DOC.

70.    Defendants' false portrayal of Plaintiff led to reputational damage amongst his colleagues, friends, family, and the public at large.

71.    Plaintiff's reputational damage was so severe that his colleagues stopped patronizing his business which was located next to the prison.

72.    Defendants portrayed a decorated twenty (20) year veteran as a gangster and a criminal.

**Wherefore**, Plaintiff prays for judgment against Defendants on all counts and an award to Plaintiff, including but not limited to:

(a)    An award of back pay and front pay and benefits;

(b)    An award of compensatory damages;

(c)    An award of punitive or other exemplary damages;

(d)    An award of reasonable attorney's fees, costs and interest;

(e)    Imposition of a civil penalty against Defendants pursuant to N.J.S.A. 10-6-2(e);

(f)    Injunctive relief including but not limited to:

   1. A permanent injunction restraining defendants from continuing its pattern and practice of violating civil rights and law and from continued violation of the Law Against Discrimination

and The Conscientious Employee Protection Act,
<u>N.J.S.A.</u> 34:19-1 et seq., 42 U.S.C. 1983 and the New Jersey
and Federal Constitutions;

2. Placement of the D.O.C. in receivership for the purpose of
instituting programs to train, instruct, discipline, control and
supervise the employees of the D.O.C.; and

3. Appointment of an independent consultant to develop and
implement policies relating to retaliation and discrimination
as to the D.O.C.

(g)    And for such other relief as the Court deems just and equitable.

## <u>Count I</u>
### Law Against Discrimination – Failure to
### Accommodate (All Defendants)

73.    Plaintiff repeats and realleges each and every allegation set forth above as if
recounted at length herein.

74.    Defendants created and/or maintained a work environment hostile to Plaintiff on
the basis of his handicap and because he required a reasonable accommodation.

75.    Defendants did not engage in any meaningful dialogue with Plaintiff as to the nature
of his injures and any accommodations that could be given to allow Plaintiff to maintain his
employment within the jail.

76.    Defendants engaged in a course of conduct to discredit Plaintiff ultimately resulting
in the criminal and administrative prosecution of Plaintiff.

77.    Defendants' actions constitute discrimination on the basis of his disability in
violation of N.J.S.A. 10:5-1 et seq.

78.    As a direct and proximate result of Defendants' conduct, Ruben Morales was caused
to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused

him great pain and suffering, severe mental anguish manifesting in physical injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, cause him great pain and suffering and require medical treatment and other damages.

**Wherefore**, Plaintiff prays for judgment against defendants on all counts and an award to Plaintiff, including but not limited to:

(a)     An award of back pay and front pay and benefits;

(b)     An award of compensatory damages;

(c)     An award of punitive or other exemplary damages;

(d)     An award of reasonable attorney's fees, costs and interest;

(e)     Imposition of a civil penalty against Defendants pursuant to N.J.S.A. 10-6-2(e);

(f)     Injunctive relief including but not limited to:

1. A permanent injunction restraining defendants from continuing its pattern and practice of violating civil rights and law and from continued violation of the Law Against Discrimination and The Conscientious Employee Protection Act,
   N.J.S.A. 34:19-1 et seq., 42 U.S.C. 1983 and the New Jersey and Federal Constitutions;

2. Placement of the D.O.C. in receivership for the purpose of instituting programs to train, instruct, discipline, control and supervise the employees of the D.O.C.; and

3. Appointment of an independent consultant to develop and implement policies relating to retaliation and discrimination as to the D.O.C.

(g)     And for such other relief as the Court deems just and equitable.

**Count 2**
**Law Against Discrimination**
**Retaliation (All Defendants)**

79.    Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

80.    Defendants retaliated against Plaintiff for being the victim of a violent crime and for being handicapped as a result of the violent criminal assault which brought unsafe conditions, policies, and practices of NSP to light.

81.    Defendants' actions constitute discrimination on the basis of his disability and retaliation in violation of N.J.S.A. 10:5-1 et seq.

82.    As a direct and proximate result of Defendants' conduct, Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, cause him great pain and suffering and require medical treatment and other damages.

**Wherefore**, Plaintiff prays for judgment against defendants on all counts and an award to Plaintiff, including but not limited to:

(a)    An award of back pay and front pay and benefits;

(b)    An award of compensatory damages;

(c)    An award of punitive or other exemplary damages;

(d)    An award of reasonable attorney's fees, costs and interest;

(e)  Imposition of a civil penalty against Defendants pursuant to N.J.S.A. 10-6-2(e);

(f)  Injunctive relief including but not limited to:

    1.  A permanent injunction restraining defendants from continuing its pattern and practice of violating civil rights and law and from continued violation of the Law Against Discrimination and The Conscientious Employee Protection Act,
       N.J.S.A. 34:19-1 et seq., 42 U.S.C. 1983 and the New Jersey and Federal Constitutions;

    2.  Placement of the D.O.C. in receivership for the purpose of instituting programs to train, instruct, discipline, control and supervise the employees of the D.O.C.; and

    3.  Appointment of an independent consultant to develop and implement policies relating to retaliation and discrimination as to the D.O.C.

(g)  And for such other relief as the Court deems just and equitable.

<u>**Count3**</u>
**Law Against Discrimination**
**Aiding and Abetting**
**(Defendants Hicks, Kuhn, Nogan, Robinson, Schlusselfeld, and Grade)**

83.    Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

84.    Defendants Hicks, Kuhn, Grade, Schlusselfeld, Nogan and Robinson aided and abetted the discrimination toward and against Plaintiff.

85.    Defendants caused malicious criminal and administrative prosecutions against Plaintiff without a lawful basis to do so. The Plaintiff was the victim of a violent attack which was caused by the unsafe conditions, policies, and procedures of the defendants.

86.    Defendants' actions constitute aiding and abetting discrimination in violation of

N.J.S.A. 10:5-1 et seq.

87.    As a direct and proximate result of Defendants' conduct, Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, cause him great pain and suffering and require medical treatment and other damages.

**Wherefore**, Plaintiff prays for judgment against defendants on all counts and an award to Plaintiff, including but not limited to:

(a)    An award of back pay and front pay and benefits;

(b)    An award of compensatory damages;

(c)    An award of punitive or other exemplary damages;

(d)    An award of reasonable attorney's fees, costs and interest;

(e)    Imposition of a civil penalty against Defendants pursuant to N.J.S.A. 10-6-2(e);

(f)    Injunctive relief including but not limited to:

1. A permanent injunction restraining defendants from continuing its pattern and practice of violating civil rights and law and from continued violation of the Law Against Discrimination and The Conscientious Employee Protection Act,
N.J.S.A. 34:19-1 et seq., 42 U.S.C. 1983 and the New Jersey and Federal Constitutions;

2. Placement of the D.O.C. in receivership for the purpose of instituting programs to train, instruct, discipline, control and supervise the employees of the D.O.C.; and

3.  Appointment of an independent consultant to develop and implement policies relating to retaliation and discrimination
as to the D.O.C.

(g)    And for such other relief as the Court deems just and equitable.


**Count 4**

**C.E.P.A.**
**(All Defendants)**

88.    Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

89.    The plaintiff repeatedly complained about unsafe conditions in the jail specifically, the conditions which lead to and ultimately caused his injuries.    As a result of this protected whistleblowing the Plaintiff was retaliated against by the initiation of malicious criminal and administrative process. Plaintiff was engaged in protected activity under the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 et seq., the First, Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983 and the laws and Constitution of the State of New Jersey.

90.    As a result of engaging in such protected activity, Plaintiff was subjected to ongoing retaliation in the form of adverse employment actions including, but not limited to, resulted in his inability to return to his position, criminal and administrative prosecutions or continued threats of same.

91.    This ongoing retaliatory conduct by Defendants constitutes a violation of CEPA.

92.    As a direct and proximate result of Defendants' conduct, Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries,

incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, cause him great pain and suffering and require medical treatment and other damages.

**Wherefore,** Plaintiff prays for judgment against defendants on all counts and an award to Plaintiff, including but not limited to:

(a)   An award of back pay and front pay and benefits;

(b)   An award of compensatory damages;

(c)   An award of punitive or other exemplary damages;

(d)   An award of reasonable attorney's fees, costs and interest;

(e)   Imposition of a civil penalty against Defendants pursuant to N.J.S.A. 10-6-2(e);

(f)   Injunctive relief including but not limited to:

1. A permanent injunction restraining defendants from continuing its pattern and practice of violating civil rights and law and from continued violation of the Law Against Discrimination and The Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq., 42 U.S.C. 1983 and the New Jersey and Federal Constitutions;

2. Placement of the D.O.C. in receivership for the purpose of instituting programs to train, instruct, discipline, control and supervise the employees of the D.O.C.; and

3. Appointment of an independent consultant to develop and implement policies relating to retaliation and discrimination as to the D.O.C.

(g)   And for such other relief as the Court deems just and equitable.

## **Count 5**
### **Discharge Due to Workers' Compensation Claim**
### **(All Defendants)**

93.     Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

94.     Defendants removed Plaintiff from employment and discriminated against Plaintiff because he claimed workers' compensation benefits from DOC.

95.     Defendants caused malicious criminal and administrative prosecutions against Plaintiff in their efforts to retaliate against Plaintiff for filing a claim for workers' compensation benefits.

96.     As a result of engaging in such protected activity, Plaintiff was subjected to retaliation in the form of adverse employment actions including, but not limited to, his inability to return to his position at DOC, administrative and criminal prosecution or continued threats of same.

97.     As a direct and proximate result of Defendants' conduct, Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, cause him great pain and suffering and require medical treatment and other damages.

**Wherefore**, Plaintiff prays for judgment against defendants on all counts and an award to Plaintiff, including but not limited to:

(a)  An award of back pay and front pay and benefits;

(b)   An award of compensatory damages;

(c)   An award of punitive or other exemplary damages;

(d)   An award of reasonable attorney's fees, costs and interest;

(e)   Imposition of a civil penalty against Defendants pursuant to N.J.S.A. 10-6-2(e);

(f)   Injunctive relief including but not limited to:

> 1. A permanent injunction restraining defendants from continuing its pattern and practice of violating civil rights and law and from continued violation of the Law Against Discrimination and The Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq., 42 U.S.C. 1983 and the New Jersey and Federal Constitutions;
>
> 2. Placement of the D.O.C. in receivership for the purpose of instituting programs to train, instruct, discipline, control, and supervise the employees of the D.O.C.; and
>
> 3. Appointment of an independent consultant to develop and implement policies relating to retaliation and discrimination as to the D.O.C.

(g)   And for such other relief as the Court deems just and equitable.

### Count 6
### Assault
### (Defendant Zambrano)

98.   Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

99.   Defendant Zambrano, acting intentionally, committed offensive and injurious physical contact against Plaintiff and put Plaintiff in reasonable imminent apprehension of such contact.

100.    As a direct and proximate result of Defendants' conduct, Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, cause him great pain and suffering and require medical treatment and other damages.

**Wherefore,** Plaintiff prays for judgment against defendants on all counts and an award to Plaintiff, including but not limited to:

(a)   An award of back pay and front pay and benefits;

(b)   An award of compensatory damages;

(c)   An award of punitive or other exemplary damages;

(d)   An award of reasonable attorney's fees, costs and interest;

(e)   Imposition of a civil penalty against Defendants pursuant to N.J.S.A. 10-6-2(e);

(f)   Injunctive relief including but not limited to:

    1. A permanent injunction restraining defendants from continuing its pattern and practice of violating civil rights and law and from continued violation of the Law Against Discrimination and The Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq., 42 U.S.C. 1983 and the New Jersey and Federal Constitutions;

    2. Placement of the D.O.C. in receivership for the purpose of instituting programs to train, instruct, discipline, control and supervise the employees of the D.O.C.; and

    3. Appointment of an independent consultant to develop and

implement policies relating to retaliation and discrimination
as to the D.O.C.

(g)     And for such other relief as the Court deems just and equitable.

**Count 7**
**Battery**
**(Defendant Zambrano)**

101.    Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

102.    Defendant Zambrano intentionally and repeatedly attacked and beat Plaintiff.

103.    As a direct and proximate result of Defendants' conduct, Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, cause him great pain and suffering and require medical treatment and other damages.

**Wherefore,** Plaintiff prays for judgment against defendants on all counts and an award to Plaintiff, including but not limited to:

(a)   An award of back pay and front pay and benefits;

(b)   An award of compensatory damages;

(c)   An award of punitive or other exemplary damages;

(d)   An award of reasonable attorney's fees, costs and interest;

23

(e)   Imposition of a civil penalty against Defendants pursuant to N.J.S.A. 10-6-2(e);

(f)   Injunctive relief including but not limited to:

1.  A permanent injunction restraining defendants from continuing its pattern and practice of violating civil rights and law and from continued violation of the Law Against Discrimination and The Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq., 42 U.S.C. 1983 and the New Jersey and Federal Constitutions;

2.  Placement of the D.O.C. in receivership for the purpose of instituting programs to train, instruct, discipline, control and supervise the employees of the D.O.C.; and

3.  Appointment of an independent consultant to develop and implement policies relating to retaliation and discrimination as to the D.O.C.

(g)   And for such other relief as the Court deems just and equitable.


**Count 8**
**The New Jersey Civil Rights Act**
**(Defendants Hicks, Kuhn, Nogan, Robinson, Schlusselfeld, and Grade in their individual capacity)**

104.   Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

105.   At all times pertinent hereto, the defendants, acting under color of law, and by threats, actions, intimidation, coercion, negligently, recklessly, and intentionally attempted to, and effectively did, deprive Plaintiff of his procedural and/or substantive due process rights, equal protection rights, privacy rights, rights as a victim of a crime, right to acquire and possess property, right to pursue and obtain safety and

24

happiness and other rights, privileges, and immunities afforded to him by the Constitution and laws of the United States and the Constitution and the laws of the State of New Jersey.

106.    Defendants caused malicious investigations and caused criminal and administrative prosecutions to be perpetrated against Plaintiff.

107.    As a direct and proximate result of Defendants' conduct, Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, causing him great pain and suffering and require medical treatment and other damages.

**Wherefore,** Plaintiff prays for judgment against Defendants on all counts and an award to Plaintiff, including but not limited to:

a.    An award of back pay and front pay and benefits;

b.    An award of compensatory damages;

c.    An award of punitive or other exemplary damages;

d.    An award of reasonable attorney's fees, costs and interest;

e.    Imposition of a civil penalty against Defendants pursuant to N.J.S.A. 10-6-2(e);

f.    Injunctive relief including but not limited to:

i. A permanent injunction restraining defendants from continuing its pattern and practice of violating civil rights and law and from continued violation of the Law Against Discrimination and The Conscientious Employee Protection Act, <u>N.J.S.A.</u> 34:19-1 et seq., 42 U.S.C. 1983 and the New Jersey and Federal Constitutions;

ii. Placement of the D.0.C. in receivership for the purpose of instituting programs to train, instruct, discipline, control and supervise the employees of the D.O.C.; and

iii. Appointment of an independent consultant to develop and implement policies relating to retaliation and discrimination as to the D.O.C.

g. And for such other relief as the Court deems just and equitable.

### <u>Count 9</u>
### Retaliation - Constitutional Violation
### (Defendants Hicks, Kuhn, Nogan, Robinson, Schlusselfeld, and Grade in their individual capacity)

108. Plaintiff repeats and realleges each and every allegation as if set forth at length herein.

109. The DOC has a policy and/or custom to retaliate against Corrections Officers who report unlawful, improper and/or prohibited conduct, policies, acts and/or omissions engaged in by or on behalf of the DOC and/or its employees, agents, representatives, and/or servants.

110. By complaining about and/or reporting upon specific instances of unlawful, improper and/or prohibited conduct, policies, acts and/or omissions, Plaintiff was engaging in conduct protected by the United States Constitution and 42 U.S.C. 1983 and <u>N.J.S.A.</u> 34:19-1 et seq.

111.    As a result of engaging in such protected activities and conduct, Plaintiff was subjected to retaliation in the form of invasion of his reasonable expectation of privacy, portrayed in a false light, adverse employment actions, cessation of his disability benefits, removal from employment, and criminal prosecution.

112.    At all times pertinent hereto, the defendants, acting under color of law, and by threats, actions, intimidation, coercion, negligently, recklessly, and intentionally attempted to, and effectively did, deprive Plaintiff of his procedural and/or substantive due process rights, equal protection rights, and other rights, privileges, and immunities afforded to him by the Constitution and laws of the United States and the Constitution and the laws of the State of New Jersey.

113.    Defendants caused malicious investigations and caused criminal and administrative prosecutions to be perpetrated against Plaintiff.

114.    As a direct and proximate result of Defendants' conduct, Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, causing him great pain and suffering and require medical treatment and other damages.

115.    Such acts and/or omissions violated the rights, privileges, and immunities provided by and guaranteed to the Plaintiff by the First, Fourth, and

Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983 and the laws and constitution of the State of New Jersey.

116.    As a direct and proximate result of Defendants' conduct, Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, cause him great pain and suffering and require medical treatment and other damages.

**Wherefore,** Plaintiff prays for judgment against defendants on all counts and an award to Plaintiff, including but not limited to:

a.    An award of back pay and front pay and benefits;

b.    An award of compensatory damages;

c.    An award of punitive or other exemplary damages;

d.    An award of reasonable attorney's fees, costs and interest;

e.    Imposition of a civil penalty against Defendants pursuant to N.J.S.A. 10-6-2(e);

f.    Injunctive relief including but not limited to:

   i.    A permanent injunction restraining defendants from continuing its pattern and practice of violating civil rights and law and from continued violation of the Law Against Discrimination and The Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq., 42 U.S.C. 1983 and the New Jersey and Federal Constitutions;

ii.    Placement of the D.O.C. in receivership for the purpose of instituting programs to train, instruct, discipline, control and supervise the employees of the D.O.C.; and

iii.    Appointment of an independent consultant to develop and implement policies relating to retaliation and discrimination as to the D.O.C.

g.    And for such other relief as the Court deems just and equitable.

## Count 10
### New Jersey State Constitutional Torts
### (All Defendants)

117.    Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

118.    At all times pertinent hereto, the defendants, acting under color of law, and by threats, actions, intimidation, coercion, negligently, recklessly, and intentionally attempted to, and effectively did, deprive Plaintiff of his procedural and/or substantive due process rights, equal protection rights, privacy rights, rights as a victim of a crime, right to acquire and possess property, right to pursue and obtain safety and happiness and other rights, privileges, and immunities afforded to him by the Constitution and laws of the United States and the Constitution and the laws of the State of New Jersey.

119.    Defendants caused and conducted malicious investigations resulting in criminal and administrative prosecutions to be perpetrated against Plaintiff.

120.    As a direct and proximate result of Defendants' conduct, Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining

medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, causing him great pain and suffering and require medical treatment and other damages.

**Wherefore,** Plaintiff prays for judgment against Defendants on all counts and an award to Plaintiff, including but not limited to:

(a)    An award of back pay and front pay and benefits;

(b)    An award of compensatory damages;

(c)    An award of punitive or other exemplary damages;

(d)    An award of reasonable attorney's fees, costs and interest;

(e)    Imposition of a civil penalty against Defendants pursuant to N.J.S.A. 10-6-2€;

(f)    Injunctive relief including but not limited to:

1. A permanent injunction restraining defendants from continuing its pattern and practice of violating civil rights and law and from continued violation of the Law Against Discrimination and The Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq., 42 U.S.C. 1983 and the New Jersey and Federal Constitutions;

2. Placement of the D.0.C. in receivership for the purpose

of instituting programs to train, instruct, discipline, control and supervise the employees of the D.O.C.; and

3. Appointment of an independent consultant to develop and implement policies relating to retaliation and discrimination as to the D.O.C.

(g) And for such other relief as the Court deems just and equitable.

## Count 11
### United States Constitutional Torts
### (All Defendants)

121. Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

122. At all times pertinent hereto, Defendants, acting under color of law, and by threats, actions, intimidation, coercion, negligently, recklessly, and intentionally attempted to, and effectively did, interfere with the exercise of his civil rights and deprive Plaintiff of his procedural and/or substantive due process rights, equal protection rights, privacy rights, rights as a victim of a crime, right to acquire and possess property, right to pursue and obtain safety and happiness and other rights, privileges, and immunities afforded to him by the Constitution and laws of the United States.

123. Defendants caused malicious investigations and caused criminal and administrative prosecutions to be perpetrated against Plaintiff.

124. As a direct and proximate result of Defendants' conduct, Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical

injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, causing him great pain and suffering and require medical treatment and other damages.

**Wherefore,** Plaintiff prays for judgment against Defendants on all counts and an award to Plaintiff, including but not limited to:

(a)    An award of back pay and front pay and benefits;

(b)    An award of compensatory damages;

(c)    An award of punitive or other exemplary damages;

(d)    An award of reasonable attorney's fees, costs and interest;

(e)    Imposition of a civil penalty against Defendants pursuant to N.J.S.A. 10-6-2(e);

(f)    Injunctive relief including but not limited to:

    1. A permanent injunction restraining defendants from continuing its pattern and practice of violating civil rights and law and from continued violation of the Law Against Discrimination and The Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq., 42 U.S.C. 1983 and the New Jersey and Federal Constitutions;

    2. Placement of the D.0.C. in receivership for the purpose of instituting programs to train, instruct, discipline, control and supervise the employees of the D.O.C.; and

    3. Appointment of an independent consultant to develop and implement policies relating to retaliation and discrimination as to the D.O.C.

(g)    And for such other relief as the Court deems just and equitable.

**Count 12**
**Malicious Prosecution**
**(All Defendants)**

125.    Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

126.    Defendants maliciously filed criminal charges against Plaintiff which adversely affected Plaintiff's legally protected interests.

127.    Defendants did so without probable cause or a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in believing Plaintiff is guilty of an offense.

128.    The charges were dismissed with prejudice on the Motion of the prosecutor.

129.    As a direct and proximate result of Defendants' conduct, Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, cause him great pain and suffering and require medical treatment and other damages.

**Wherefore,** Plaintiff prays for judgment against Defendants on all counts and an award to Plaintiff, including but not limited to:

1.    An award of back pay and front pay and benefits;

2.    An award of compensatory damages;

3.    An award of punitive or other exemplary damages;

33

4.      An award of reasonable attorney's fees, costs and interest;

5.      Imposition of a civil penalty against Defendants pursuant to N.J.S.A. 10-6-2(e);

6.      Injunctive relief including but not limited to:

1.  A permanent injunction restraining defendants from continuing its pattern and practice of violating civil rights and law and from continued violation of the Law Against Discrimination and The Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq., 42 U.S.C. 1983 and the New Jersey and Federal Constitutions;

2.  Placement of the D.0.C. in receivership for the purpose of instituting programs to train, instruct, discipline, control and supervise the employees of the D.O.C.; and

3.  Appointment of an independent consultant to develop and implement policies relating to retaliation and discrimination as to the D.O.C.

7.      And for such other relief as the Court deems just and equitable.

**Count 13**
**Legal Process Maliciously Abused**
**(All Defendants)**

130.    Plaintiff repeats and realleges each and every allegation set forth above as if recounted at length herein.

131.    Defendants, without reason or probable cause, issued legal process against Plaintiff.

132.    Defendants' purpose in the issuance of the process and their further actions after its issuance demonstrate an ulterior purpose than for what it was designed.

133.    Defendants intentionally and maliciously coerced and oppressed Plaintiff through malicious abuse of process and/or the issuance of process without reason or probable cause.

**134.**    As a direct and proximate result of Defendants' conduct, Ruben Morales was caused to suffer severe, painful bodily injuries which necessitated his obtaining medical treatment, caused him great pain and suffering, severe mental anguish manifesting in physical injuries, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent reputational damage, loss of income, permanent disabilities that will, in the future, similarly incapacitate him, cause him great pain and suffering and require medical treatment and other damages.

**Wherefore,** Plaintiff prays for judgment against Defendants on all counts and an award to Plaintiff, including but not limited to:

(a)    An award of back pay and front pay and benefits;

(b)    An award of compensatory damages;

(c)    An award of punitive or other exemplary damages;

(d)    An award of reasonable attorney's fees, costs and interest;

(e)    Imposition of a civil penalty against Defendants pursuant to N.J.S.A. 10-6-2(e);

(f)    Injunctive relief including but not limited to:

1.    A permanent injunction restraining defendants from continuing its pattern and practice of violating civil rights and law and from continued violation of the Law Against Discrimination and The Conscientious Employee Protection Act, N.J.S.A.

34:19-1 et seq., 42 U.S.C. 1983 and the New Jersey and
Federal Constitutions;

2.  Placement of the D.0. C. in receivership for the purpose of
instituting programs to train, instruct, discipline, control and
supervise the employees of the D.O.C.; and

3.  Appointment of an independent consultant to develop and
implement policies relating to retaliation and discrimination as
to the D.O.C.

(g)  And for such other relief as the Court deems just and equitable.


## DUTY TO PRESERVE

Defendants are officially on notice of the legal duty to preserve any and all evidence

relevant to the within action, including any electronic or written communication, comprising but

not limited to emails, letters, correspondence, memoranda, notes, journal entries, social media

(Facebook, Twitter, LinkedIn, etc.) status updates, tweets, text messages, instant messages, audio

or video recordings, phone messages, voicemails, business documents, personnel files, financial

records and notes relating to said records, or any other documents or records of whatsoever

nature or kind in general relating to or mentioning Plaintiff Morales.  Should Defendants or any

representatives thereof intentionally, recklessly, negligently or inadvertently destroy, alter,

amend, change or adjust any of the above-referenced materials, including electronic

correspondence between Plaintiff and any Defendant or employee/agent thereof, sanctions will

be sought in this litigation and an additional claim for spoliation/negligent concealment will be

instituted.

## DESIGNATION OF TRIAL COUNSEL

DAVID J. HEINTJES, ESQ. is hereby designated as Trial Counsel for Plaintiff Ruben Morales.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury as to all matters so triable.

## CERTIFICATION

The undersigned attorney for Plaintiff Ruben Morales hereby certifies that to the best of her knowledge, information, and belief, the matter in controversy is not the subject of any action and/or arbitration proceeding other than stated above, nor is any other action or arbitration proceeding contemplated at this time.

The undersigned further certifies that to the best of his knowledge, information, and belief, no other party should be joined in the within action at this time. However, Plaintiff reserves his right to amend this Complaint as continuing discovery may reveal further causes of action and/or additional defendants with personal liability to Plaintiff.

Respectfully Submitted,
**LAW OFFICES OF NICHOLAS J. PALMA, ESQ., P.C.,**
*Attorneys for Plaintiff Ruben Morales*

By:     /s/David J. Heintjes
        David J. Heintjes, Esq.

Dated: September 20, 2024